Parker, C. J.,
delivered the opinion of the Court. We are of opinion that no title was acquired by Joh Prince, in virtue of his extent on that part of the land which was mortgaged to Knights, unless entry had been made by Knights under the mortgage before the extent. For land thus mortgaged is not the real estate of the mortgagee, * within the meaning of our stat- [ * 847 ] ute, which provides for the extending of executions (1). *
It is true, to some intents the mortgagee is seised of the estate mortgaged in fee simple, subject only to its being defeated by a performance of the condition according to deed, or afterwards according to the provision of the statute giving remedies in equity (2). But to other purposes, the land belongs to the mortgagor, and may be taken in execution as his real estate, subject to the mortgage.
The difficulties of levying upon land mortgaged, to satisfy a debt due from the mortgagee,, are insuperable. The debt may require only a small part of the land to satisfy it, and several executions may be levied by several persons; and this would embarrass the mortgagor or his heirs, if they should choose to redeem. Besides, the land mortgaged is only a pledge for the debt, which may be, and often is, assignable in its nature ; and if it be assigned, the mortgagor may pay it to the assignee, and thus discharge his mortgage, notwithstanding the creditors of the mortgagee may have taken the land in execution. These difficulties have caused the prevalent opinion, that lands so situated are not subject to the debts of the mortgagee; at least not until he shall have entered with a view to foreclose. Judge Trowbridge was of a different opinion (3), and much respect is due to him. But the law respecting mortgaged estates has been changed by the legislature since his time, it being enacted by the statute of 1788, c. 51, that such estates shall be assets in the hands of executors and administrators, and be distributed as personal estate.
It was necessary, then, in order to make the title of the tenants under the levy good, that it should have been proved to the jury, that Knights, the mortgagee, had entered under his mortgage before the levy. This was a fact for the jury to find; and they were not íestricted to direct evidence, but were permitted to presume the existence # of the fact, from the circumstances [ * 3 48 ] adduced by the tenants at the trial to establish it. These circumstances might be considered strong; but they were not conclu *288 sive; and even if no contradictory circumstances had been shown by the demandant, it was competent for the jury to disbelieve the fact, it being entirely within their province to decide.
It is not easy to see how a verdict can be agaii st evidence, where there is an entire absence of direct proof, and presumptions alone are relied upon to establish the necessary facts. At any rate, the Court cannot, under such circumstances, set aside a verdict.

Judgment on the verdict

 Stat. 1783, c. 57.

 Stat. 1785, c. 22.

 Vide 8 Mass Rep. 565