## JOHN EATON *versus* RUGGLES WHITING.

Land mortgaged cannot be attached on mesne process for the debt of the mortgagee, before he shall have entered on the same, nor, *it seems,* before foreclosure.

A conveyance of land, on condition that if a debt due from the grantor to the grantee shall be paid within a certain time, the deed shall be void, with a power to the grantee, in case the debt shall not be so paid, to sell the land and apply the proceeds to the extinguishment of the debt, and pay over the surplus to the grantor, constitutes a mortgage, until the power shall be executed.

ASSUMPSIT. The defendant was called in the writ, of Louisville in the State of Kentucky, and there was no service except by the attachment of two parcels of land. The defendant, upon oyer of the writ, declaration and return of the officer, pleaded in abatement of the writ, that he had no right, title, interest or property in the land, that could be attached on the writ ; and issue was taken on that fact.

The plaintiff, to maintain the issue on his part, produced a deed indented between John Peck and Whiting the defendant, dated the 31st of March, 1810, and recorded on the 11th of April following, in which Peck, after a recital that he stood indebted to Whiting in the sum of 3000 dollars, for which he had given his promissory note of even date with the indenture, payable in twelve months, conveyed to Whiting in fee a parcel of land, in trust, that Whiting, his heirs or assigns, should and might, at the expiration of thirteen months from the date, or at any time thereafterwards, sell the granted premises, if he or they should think fit, by public auction, and apply the proceeds of such sale, in the first place to pay the 3000 dollars and interest and the expenses of the sale, and then to pay

---

[1] See *Gibson* v. *Crehore,* 5 Pick 146; *Carll* v. *Butman,* 7 Greenl. 102.

Eaton
*v.*
Whiting.

over the surplus, if any, to Peck, or his assigns ; provided, nevertheless, that if Peck, his heirs, &c., should pay the 3000 dollars and interest within the thirteen months, the indenture should be void.

The plaintiff also produced another deed indented between Peck and Whiting, dated the 2nd of February 1810, and recorded the next day, conveying another parcel of land to Whiting, with a similar power to sell after fifteen months, in case the sum of 3500 dollars and interest, for which a promissory note had been given, should not be paid within that time, and a similar proviso, that upon a payment within that time the indenture should be void.

The defendant produced a deed dated the 8th of March, 1810, but not recorded, whereby he conveyed to Ebenezer Francis the deed and note last mentioned, and all his right, title and interest in the parcel of land described in the deed, on the same trust and subject to the same condition.  He also produced a deed of release and warranty from Peck to Francis of the same parcel, dated the 27th of November, 1811, and recorded on the 16th of January, 1812.

Upon these facts the defendant contended, that his interest in these parcels of land, being only that of a mortgagee, was not liable to be attached as his property, but the Chief Justice instructed the jury otherwise ; and thereupon a verdict was returned for the plaintiff, subject to the opinion of the whole Court.

*March 30th.*  *Bartlett*, for the defendant, now insisted that the indentures were merely mortgages.  Whenever it appears on the face of a deed, that the land is conveyed as a security for a debt, and is redeemable, it constitutes a mortgage.  2 Cruise's Dig. 89, *tit.* 15, *c.* 1, § 11 ; *Parks* v. *Hall*, 2 Pick. 211.  Nor does the introduction of a power to sell, alter the case.  Such a power was formerly held to be void, but by later decisions it is considered valid, as the original owner, by having the surplus proceeds of the sale paid to him, has his rights preserved.  But a mortgage with a power to sell, is still a mortgage until the power is executed ; and that is the present case.  *The King* v. *Inhab. of Edington*, 1 East, 288 ; *Croft* v. *Powel*, Com. Rep. 608 ; Coote on Mortg. 128 ; *Corder* v. *Morgan*,

18 Ves. 344 ; 2 Bird's Conveyancer, 127. That a mortgagee's interest cannot be attached, is settled in *Blanchard* v. *Colburn & ux.* 16 Mass. R. 345 ; *Huntington* v. *Smith,* 4 Connect. R. 234 ; *Jackson* v. *Willard,* 4 Johns. R. 41. An attachment and levy would not be an execution of the power, for this must be done by the voluntary act of the attorney ; and further, the particular mode in which the power is to be executed is here marked out. But suppose the interest of Whiting attachable, the creditor would attach with notice of the trust, and so subject to the trust. 3 Mass. R. 576 ; 1 Cruise's Dig. 525 *et seq.; Croft* v. *Powel,* Com. Rep. 609. If the defendant's interest can be considered not a mortgage, but only a trust estate, the attachment is invalid. 1 Cruise's Dig. 523 ; 4 Dane's Abr. 253 ; *Russell* v. *Lewis,* 2 Pick. 511. Nor does it make any difference, that the characters of trustee and *cestui que trust* are here united in one person, since they are not co-extensive, so as to merge the equitable in the legal estate. 1 Cruise's Dig. 495.

*Fletcher,* for the plaintiff. If this were a case simply of mortgage, the decision in *Blanchard* v. *Colburn* might be conclusive against us. But we say that the conveyances are mortgages, and something more, in consequence of the power to sell. The Court held, that the interest of the mortgagee could not be attached, because of the inconveniences growing out of the right of redemption. Here that difficulty does not exist, for the mortgagee could convey an irredeemable estate. In *Croft* v. *Powel* the question was, whether the mortgagee *had* conveyed an irredeemable estate ; it was admitted that he might have done it. See 3 Barton's Elem. Convey. 305 and 309, note ; *Clay* v. *Sharpe,* and *Corder* v. *Morgan,* cited in Coote on Mortg. 132 *et seq.*; 1 Powell on Mortg. (5th ed.) 12, note. It is said that the mortgagee here is limited to a particular mode of executing the power ; the fair construction however s, that if he should not be able to sell at private sale, he might have recourse to a sale by auction ; and this was the understanding of the parties themselves. This is not a trust estate, for then the trustee would be a mere channel of conveyance for the benefit of the *cestui que trust ;* but the conveyance is to be for the mortgagee's own benefit. As there is no

adjudged case precisely in point, the Court will favor the right of attachment, in accordance with the spirit of our statutes. If property thus situated cannot be attached, it will be out of the reach of the creditors both of the mortgager and mortgagee, while the mortgagee will have the whole control of the land. It is said, that the attaching creditor must take a trust estate. Admit that, and our action will be sustained. Whether it is practicable in a levy to separate the interests of the mortgager and the mortgagee, is a question. It does not seem to come within the principle of a levy on land of a joint tenant, nor of a levy by metes and bounds. Our view however is, that the creditor has a right to levy on the whole land, and that a personal claim on the mortgagee will remain to the mortgager ; as in the case of a sale of an irredeemable estate by the mortgagee, and a misapplication of the purchase money. The interest of the defendant, coupled with the power, constitutes absolute property, according to the chancery decisions, and the creditor of the mortgagee may attach and levy on such property. An appropriation of it in this manner to the debt of the mortgagee, will be equivalent to an execution of the power.

*Shaw*, in reply. The argument for the plaintiff seems to be, that the mortgagee had power to convey an irredeemable estate, and he therefore had such an estate in himself ; which is a *non sequitur*, the very nature of a power being to enable a person to convey an estate in which he has no interest. It is not necessary to deny the English authorities, that the grantee of such a mortgagee may have an absolute title ; for by the same authorities the mortgagee, previous to a sale, has only the estate of a common mortgagee. He may either act under the power, or he may, as mortgagee, assign the mortgage, and the assignee will take the same estate which he held. The power must be strictly executed. The terms of it must be performed literally, as to a volunteer, and substantially, as to other persons. 4 Cruise's Dig. 229, *tit.* 32, *c.* 16 ; *Wright* v. *Wakeford*, 17 Ves. 454. A court of equity will sometimes support a defective execution of a power, but will never supply the non-execution of it. Ibid. *tit.* 32, *c.* 17, § 25. Supposing the power here to be valid,

there has been no sale under it. The deed from Whiting to Francis was an assignment of the debt and mortgage, and not a sale of the land ; which, by the terms of the power, must have been by auction. It is a most extraordinary position, that an attachment and levy against the will of the defendant for the benefit of his creditor, will be an execution of a power, which is a personal confidence in the defendant and his assigns, and to be exercised if he or they think fit, and by a sale at auction, and which a court of equity would not compel him to execute for the benefit of his creditors. Cruise's Dig. *tit.* 32, *c.* 17, § 29, 30. It is said, that the mortgager will have a personal demand on the mortgagee ; but where land is subject to a trust, the trust follows the land, if the grantee has notice, as he must have here from the mortgage deed itself.

PARKER C. J. delivered the opinion of the Court. The *July 21st* opinion expressed in the case of *Blanchard* v. *Colburn & ux.* 16 Mass. R. 345, that the interest of a mortgagee, in real estate mortgaged to him for security of a debt, or the performance of a condition, is not liable to be levied upon for the debts of the mortgagee, and so of course not liable to attachment on mesne process, we see no cause to change. It is in fact but a chose in action, at least until entry to foreclose, and although the legal effect of the mortgage is to give an immediate right of entry or action to the mortgagee, yet the estate does not become his, in fact, until he does some act to divest the mortgager, who, to all intents and purposes, remains the owner of the land until the mortgagee chooses to assert his right under the deed. It is, as before said, in the nature of a pledge, and a pawn or pledge cannot be seized in execution for the debt of the pledgee. The mortgager may be compelled to pay over the debt to the creditor of the mortgagee on the trustee process, with the same exceptions as are provided for other cases, and payment under such process will discharge the mortgage *pro tanto ;* so that the creditor of 489 the mortgagee is not without remedy, as has been suggested. The law in New York and Connecticut is the same as with us. In the courts of both those States it has been decided, that a mortgagee before entry has not such an interest in the land

as can be sold, levied upon, or attached. See *Jackson v Willard*, 4 Johns. R. 41 ; *Runyan* v. *Mersereau*, 11 Johns. R. 534 ; *Johnson* v. *Hart*, 3 Johns. Cas. 329 ; also *Huntington* v. *Smith*, 4 Connect. R. 237, in which *Hosmer* C. J. states at large the reasons, similar to those given in *Blanchard* v. *Colburn & ux.* by this Court. Before the case of *Blanchard* v. *Colburn & ux.* the same principle had been decided in the case of *Portland Bank* v. *Hall*, 13 Mass. R. 207. So that we are warranted in considering it as settled law, that the interest of a mortgagee before entry is not attachable ; and we might add with *Hosmer* C. J. in the case cited from Connect. Rep., that we doubt whether it is attachable before foreclosure, for until then all the inconveniences suggested as the ground of decision would occur [1]

The plaintiff in this case, then, in order to sustain his suit, must show that the property attached as the defendant's is something more than a mortgage interest, for as he is not an inhabitant of this commonwealth, and was not within its jurisdiction when the writ issued, he can be held to answer only by the attachment of real or personal estate belonging to him liable to be attached or seized on execution.

The property returned as attached consists of two parcels of real estate, formerly belonging to John Peck, who, by deed of indenture, on the 2d of February, 1810, conveyed one of the pieces to Ruggles Whiting the defendant ; and by a like deed of indenture, made on the 31st of March, 1810, conveyed the other piece to the same Ruggles .Whiting. On the 8th of March, 1810, Whiting, by deed, assigned and conveyed all his right and interest in the deed and land first mentioned to Ebenezer Francis. This deed of Whiting to Francis was acknowledged by Whiting on the 15th of the same March, but has never been recorded. The other tract described in the deed of indenture first mentioned, has not been conveyed by Whiting. So that whatever estate passed to Whiting by the indentures, may be supposed, for the sake of the question, to have remained his, as regards his creditors, to the time of the supposed service of the plaintiff's writ

---

[1] See 1 Powell on Mortg. (Rand's ed.) 255, n. (1).

upon him. What estate, then, passed by these two deeds to Whiting ? If any estate in possession, so that in point of law it can be called his real property, then of course it is liable to attachment, whether it be a fee simple, freehold, or an estate for years ; for by our law all such estates may be seized on execution, and therefore may be attached: On the other hand, if by these deeds only a mortgage for security of debt was created, then, for the reasons before given, it is not liable to execution or attachment.

Both deeds contain a recital setting forth that Peck the grantor was indebted to Whiting, and both contain a provision, that if the sums admitted to be due shall be paid within specified times, the deeds shall be void. Thus far we have even the common characteristics of a deed of mortgage expressly made as collateral security for a debt. At the same time with the deeds promissory notes were given by Peck to Whiting, which were also to become void on payment of the sums intended to be secured. The deeds are also in trust , but as Whiting the creditor is the trustee, and as the payment of his debts was the first object of the trust, the nature of the conveyance is not altered thereby. But it is further provided, in the first deed, that after fifteen months from the date, and in the second, after thirteen, if the money due shall not be paid, Whiting may sell and convey the lands described, at public auction, and from the proceeds pay himself the amount due and expenses, and the balance over to Peck. Now it is contended by the plaintiff, that this power to sell so alters the character of the conveyance, as to deprive it of the qualities of a mortgage, or else superadds qualities which enlarge the estate in Whiting, so as to render it subject to his debts by attachment and levy. We have not seen any authorities which will justify us in adopting this opinion ; on the contrary, all the authorities cited have a tendency to show, if they do not distinctly decide, that where the transaction between the parties to the conveyance is in truth and in fact a security for debt or loan, it shall have all the attributes of a mortgage, notwithstanding there may be an unlimited power to sell. Conveyances of the kind are invariably thus treated in chancery, and even when the parties have attempted in that form of convey-

ance to deprive it of the character of a mortgage, still if it ap-
pear to have been a security for debt, the Court will let the
debtor in to redeem. So if there be a limited period within
which the mortgager shall redeem, as during his life, his heirs
shall nevertheless be allowed to redeem. *Howard* v. *Harris*,
1 Vern. 192. And if there be an agreement to make the
conveyance absolute upon payment by the mortgagee of a
further sum, if the money lent be not paid at the day ap-
pointed, yet the mortgager may redeem in spite of this agree-
ment. For where the real transaction is security for a loan,
the law deems all restrictions upon the right to redeem, un-
conscionable advantages taken by the creditor of the necessities
of the debtor. *Manlove* v. *Ball*, 2 Vern. 84 ; Co. Lit. 203,
Butler's note 96.[1] An instrument of conveyance, therefore,
which appears on the face of it, or by contemporaneous in
struments, to be intended as security for the payment of a debt
or the performance of other conditions, does not lose this char-
acter while the estate remains in the hands of the grantee,
although he may have power to convey the estate free from
such incumbrance. A power to sell *executed* to one who re-
lies upon such power, and expects and intends to purchase an
absolute estate, will without doubt pass an unconditional estate
to the purchaser, though this form of conveyance is rare in
this country. But while the power remains unexecuted, the re-
lation of mortgager and mortgagee subsists, if that was the rela-
tion created by the instrument separate from the power ; but
even under such a power, it has been held in England, that if the
purchaser knows the original nature of the transaction, and ap-
pears not to have purchased wholly without reference to the
conditional character of the title, he will be compelled in
equity to surrender it, on receiving the money he has advanced.
See *Croft* v. *Powel*, 2 Com. Rep. 607.

We do not find any thing in the authorities cited by the
plaintiff's counsel that contradicts the principle, which seems
well founded in equity, that a power in the mortgagee to sell,
*unexecuted*, leaves the estate as it would be if no such power
existed. The right of redemption, which is the true *indicium*

---

[1] See 1 Powell on Mortg. (Rand's ed.) 187 *a,* note.

of a mortgage, remains in the mortgager and his representatives, until it shall be foreclosed by entry or judgment, with possession as prescribed by law, or until, availing himself of his power, the mortgagee shall have made a conveyance pursuant to it, to some one who shall intend to purchase an irredeemable estate.

*Verdict set aside.*