Judge Nicholas
delivered the Opinion of the Court.
Nathaniel Sanders sold and conveyed to Charles Buck a tract of land, and for the payment of the balance of purchase money then due, received the note of Buck, with others as his -sureties.
Buck afterwards conveyed this tract, together with other adjoining land, to his sureties, to indemnify them against their liability on the debt to Sanders, and also to indemnify one oí them against his liability, as the surety of Buck, for the payment of a debt to the representatives of James Blain, deceased.
Robert Sanders, as the administrator of Nathaniel Sanders, obtained judgment against Buck and his sureties, which was replevied ; an execution issued on the replevin bond, and by written directions from Buck, the execution was levied on all the land embraced in the mortgage to his sureties ; which was sold by the sheriff, and Robert Sanders became the purchaser, and afterwards obtained the sheriff’s deed therefor.
Buck then filed his bill, seeking a rescission of his original contract of purchase with Nathaniel Sanders ; but as his right to obtain such relief was not seriously insist *188 ed upon in argument, and as, upon investigation,we have been able to find no sufficient reason for granting it, there is np necessity -for setting forth particularly the grounds relied on by him.
The interest of a mortgagee is not subject to a levy and sale • under ex’on neither where he is sole defendant; nor where the attempt is to levy on and sell the entire estate, under execution against mortgagor ' and mortgagee. .
A defendant directed an execution against him selfandhis sureties, to be levied on an estate that hehadmort gaged-to them, for their indemnity which, rvithout consent or knowledge of the mortgagees, was dono, anda sale made of all the interests, or the fee simple entire: held that this did not amount toawai-ver or release (of which there was no acceptance,) of the mortgagor’s equity ofredemption, so as to invest the mortgagees, or purchaser at the sale, with the wholetitle; and the sale, being of the fee simple, was invalid A release which is not accepted, has no effect. Denial of notice of a mortgage duly recorded, is oi no avail a-gainst the mortgagee.
*188 Pending this bill, Buck filed an amended bill, in which his sureties and Blain’s representatives united as co-complainants, obtained an injunction against the balance of Sanders’ judgment, and prayed to have the sheriff’s sale to Sanders vacated and set aside, on the ground that the interest of the sureties, as mortgagees, was not vendible by the sheriff under execution, and that he had not soid, or proposed to sell, Buck’s mere equity of redemption, but the whole fee simple-of the estate. They further prayed that the property might be sold to pay and satisfy the debts due to Sanders and Blands' administrators. On final hearing,, the circuit court dissolved the injunction, with damages, and dismissed the bill.
This decree has been attempted to be sustained on two' grounds : — first, that the mortgagor and mortgagees, being all defendants in the' execution, and the whole estate, both legal and equitable, thereby -brought together, the whole was liable to the execution, and the absolute title passed to Sanders, under his purchase and the sheriff’s deed. Second, that if the sale was irregular and vpid, that then nothing passed thereby, and there was nothing upon which the chancellor could operate, so as to confer jurisdiction as against Sanders.
The first position was not attempted to be sustained by any direct authority upon the point; nor are we aware of any such. It has uniformly been held, that the interest of the mortgagee was not liable to execution, where he was'the sole defendant in the execution ; and we can perceive no sufficient reason for deciding it to be-liable thereto, merely because the mortgagor is a co-de-' fondant with him in the execution. That circumstance does not change the quality of the estate held by the mortgagee ; and that quality is the true test of its liability. Nor does it merge the severed and distinct estates held by mortgagor and mortgagee, into one.
It was contended, that the surrender of the property by Buck,'without communicating notice of the existence *189 of the mortgage, should estop him from denying the validity of the sale, as of an entire estate iñ him, and should be treated as equivalent to a release of his equity of redemption to the mortgagees ; thereby placing the whole estate in them. But the mortgagees allege, that the surrender and sale were made without their privity or assent ; and if, therefore, this argument would otherwise be of any validity, it can have none here, as no estpppel upon Buck could work prejudice to them, and as an actual release by Buck could not have had any effect, unless they had accepted it, ft is true Sanders denies, that he had any notice of the existence of the mortgage ; but as the mortgage was recorded in due time, that is an immaterial circumstance as between him and the mortgagees ; though if he'had elected so to do, it might, in connection with the other circumstances, have entitled him, as against Buck, to hold his (Buck’s) equity of redemption, by virtue of his purchase. This right of Sanders, to elect to hold Buck’s equity of redemption, does of itself furnish sufficient ground for making him a defendant, and giving the court jurisdiction as against him. We need not, therefore, express any opinion whether there are not other sufficient causes for entertaining jurisdiction.
Want of notice ofamortgageon an estate purchased at a sale under an ex’on against the mort gagor, may, in some cases, entitle the purchaser to elect to hold the equity of redemption— hence he is a proper party to a bill to foreclose the mortgage.
Sureties indemnified by mortgage,cannot delay the creditor, while they subject the mort gaged property.
But we see no cause for the injunction obtained by the complainants, against Sanders’ judgment, and think the court did right in dissolving it, with damages. It is a new pretence, that because part of the defendants to the judgment are sureties, and ¡have a mortgage from their principal, to indemnify them, that they shall enjoin the plaintiff from proceeding against them, until they can subject the mortgaged property. Whether such a thing could be done under any circumstances, need not now be determined, for there are none here to authorize it.
The decree must be reversed with costs, and cause remanded with directions for a decree dissolving the injunction, with damages ; vacating and setting aside the levy Und sale under the execution, and ordering a sale of the mortgaged property, or so much thereof as may be necessary to pay and satisfy the administrator of Sanders and the administrator of Blain, the debts severally *190 due them, and the costs of this suit; and if the proper-* ty should not sell for enough to satisfy both debts, then, to distribute the proceeds pro rata between them.
Parties, failing ■upon their original bill,but succeeding upon an amendment (in which new com plainants join- , ed,) have a decree for so much of the costs in this court, as the amendment gave rise to.
Afterwards, upon consideration of suggestions filed by counsel, > the court (by Judge Nicholas) directed the following modification, of the mandate :— '
The reversing order must be so far altered as to affirm with costs, so much of the decree as dismisses the bilí as to Sanders’ heirs, and so much of the decree as dissolves the injunction with damages must also be affirmed.
And it was further ordered, that the defendant, Robert Sanders’ administrator, pay to the. complainants their, costs in this court accruing in the cause after the filing of the amended bill in the court below.