## JAMES B. THORNTON *versus* SETH WOOD.

A mortgagee has no attachable interest in the premises so long as the mortgage remains open.

The purchaser of an equity of redemption sold on execution, has no attachable interest in the premises during the year within which it may be redeemed.

A. mortgaged certain premises to B. A.'s equity of redemption was then sold on execution and purchased by B. C. then attached the premises in a suit against B., and levied thereon the execution which issued on the judgment recovered by him in the suit. But A. paid the debt secured by the mortgage before foreclosure; also the sum for which the equity sold, and interest, within one year : — *Held*, that B. had no attachable interest in the premises, and that C. acquired neither legal nor equitable claim thereto by the attachment and levy.

The payment of a debt secured by mortgage may be proved by parol; and so may the payment of the sum to redeem an equity of redemption sold on execution.

ON AGREED STATEMENT OF FACTS, from *Nisi Prius.*

This was a writ of entry, demanding an undivided half of a house and lot in Gardiner.

It was agreed that the original title was in defendant.

The demandant relied for his title upon a deed from Edmund Perkins, conveying the premises to him, dated April 7, 1852.

Also a record of a suit, *Edmund Perkins* v. *Phineas Pratt,* from which it appears that an attachment of all Pratt's real estate was made August 30th, 1849; judgment recovered Sept. 27th, 1851, for $2268,53 debt, and $21,44 cost; and that a levy of the execution, issued thereon, was made on the premises October 12th, 1851.

Also a deed from Seth Wood to Mason Damon and Phineas Pratt, dated Oct. 5th, 1847, conveying the premises in mortgage to indemnify and secure them harmless as indorsers of a note made by Seth Wood, and payable to said Pratt and Damon, or order, in one year from date, for $1500, and by them indorsed to Lucretia Jewett.

Also a record of a suit, *Scudder, Cordis & Co.* v. *Seth Wood,* in which judgment was recovered at the August term, 1848, execution issued thereon August 17th, 1848, in which the right of Seth Wood to redeem the premises was sold by auction to Phineas Pratt and Noah Woods for $800, and a conveyance thereof was made to them by the officer by deed dated Dec. 4th, 1848.

Phineas Pratt, called by defendant, stated that he never was called upon to pay the note described in the mortgage aforesaid, and never did pay it, or any part thereof, but that the same was paid by Noah Woods for Seth Wood, with money received by him as proceeds of certain personal property put into the hands of said Noah Woods, Phineas Pratt, Mason Damon and Richard Clay, by said Seth Wood, by mortgage dated Jan. 19th, 1848, for the purpose of paying this note and other claims against said Seth Wood.

Mr. Pratt further stated, that the said $800, paid for the equity of redemption aforesaid, was wholly paid, with the in-

terest thereon, from the proceeds of property of Seth Wood, put into their hands by said Seth, for the purpose of being converted into money and applied to the payment of said sum and interest. The last payment was made November 28th, 1848.

The Court is to determine the case upon the foregoing statement of facts and evidence, with authority to draw the same inferences that a jury might, and to render such judgment as the law and facts require.

*Bradbury & Morrill*, for plaintiff.

*Whittemore* and *Danforth*, for defendant.

Pratt's interest as mortgagee was not attachable, even if he had such an interest at the time of the attachment. *Smith* v. *People's Bank*, 24 Maine, 115; *McLaughlin* v. *Shepard*, 32 Maine, 143; *Coombs* v. *Warren*, 34 Maine, 92.

Neither was his interest, as purchaser of the equity, liable to attachment, for the right of Wood to redeem, not having expired, that interest was similar to that of the mortgagee. Besides, he got no interest as purchaser of the equity, for Wood, having virtually paid the note secured by mortgage, by the mortgage of personal property, Jan. 19th, 1848, before the attachment was made, the mortgage was rendered void. *Randall* v. *Farnham*, 36 Maine, 86.

This right in equity too, whatever it was, was redeemed by Wood long before the levy. So that, at the time of the levy, Pratt had no interest whatever, Wood having released him from his note, and paid his claim as purchaser of the equity, as by law was his right to do. Pratt being authorized to receive the pay, and no other person having that authority, his receiving it must necessarily have divested him of all interest in the premises. Otherwise, Wood must lose his property, although ready and willing to redeem, and in this case having actually redeemed.

But if the levy operated at all, it could only operate so as to give plaintiff the right to redeem under the mortgage. Now Seth Wood was the promisor on the note secured by the mortgage to Pratt and Damon; and having actually paid the

Thornton *v.* Wood.

note, as he was bound to do, of course the mortgage could not be made operative as against him. But he being in possession of the premises, the law gives him the rights of an assignee of the mortgage; his possession of the premises, so far as this suit is concerned, is equivalent to an actual assignment, and the plaintiff has no right to the possession, even, until he redeems the mortgage. *Kinnear* v. *Lowell*, 34 Maine, 304; *Barker* v. *Parker*, 4 Pick. 505; *Willard* v. *Hardy*, 5 N. H., 252.

TENNEY, C. J.—The only title of the demandant to the premises, is under a levy of an execution in favor of his grantor against Phineas Pratt, made on October 12, 1851, issued on a judgment rendered September 27, 1851, an attachment having been returned on the original writ, as made on August 30, 1849.

Pratt and Mason Damon held a mortgage of the premises from the tenant, dated Oct. 7, 1847, to secure them against liability as accommodation indorsers for him on a note of $1500, held by Lucretia Jewett. This note was paid from means provided by the mortgager, without any call upon the mortgagees.

The right in equity of redeeming from the mortgage aforesaid was purchased at an officer's sale thereof, upon execution against Wood, in favor of Scudder, Cordis & Co. by said Pratt and Noah Woods, on Sept. 30, 1848, for the sum of $800, which, with the interest thereon, was caused to be paid by the debtor as early as November 28, 1848.

So long as the mortgage to Pratt and Damon was open, the mortgagees had no attachable interest. *Blanchard* v. *Colburn & ux.*, 16 Mass. 345; *Smith* v. *People's Bank*, 24 Maine, 185; *Eaton* v. *Whiting*, 3 Pick. 484. At what time this mortgage was extinguished by payment, does not appear, and is immaterial, as Pratt never had any interest therein, which was subject to attachment.

An undivided moiety of an equity of redemption in the premises was acquired by Pratt at the time of the sale there-

of; but for the space of one year from the time of his purchase, the same reasons, on which the principle rests that the right of the mortgagee cannot be taken on mesne process and execution, apply with equal force to the right of redeeming from a sale of the equity of redemption, made by an officer, upon execution.

When, therefore, the return of the attachment was made upon the writ of the demandant's grantor, against Pratt, the latter had no interest, which could be attached. And, at the time that the levy was made upon the execution obtained in that suit, if the tenant had not redeemed from the sale, and had not paid the mortgage, the legal estate was in Pratt and Damon, and the equitable estate in Pratt and Woods, after the expiration of one year from the time the latter became the purchasers. But before the levy, on the execution against Pratt, the tenant had paid the note, named in the condition of his mortgage, and had paid the sum for which the equity was purchased, and interest thereon, in season for redemption. So that at the time of the extent upon the premises, Pratt was completely divested of all title therein. *Jewett* v. *Felker*, 2 Greenl. 339. The payment of the debt secured by a mortgage may be proved by parol; and the payment of the sum to redeem an equity of redemption, sold on execution, may be shown in the same manner. In this case such proof was admitted without objection, or agreed to exist.

The claim of the demandant has no equitable or legal foundation. *Judgment for the tenant.*

APPLETON, RICE, CUTTING and GOODENOW, J. J., concurred.