## GEORGE NICHOLSON ET AL.

### v.

## GEORGE A. WALKER ET AL.

1. MORTGAGE—INTEREST IN MORTGAGED PREMISES NOT SUBJECT TO LEVY.—The interest of a mortgagee in real estate before foreclosure or entry for condition broken, is not liable to levy and sale under execution, neither can his interest be sold under execution against him and the mortgagor. So, where in an action of forcible detainer, the plaintiffs claimed right of possession under a sale on execution against the mortgagor and mortgagee, the defendants being in possession as tenants of the assignee of the mortgage, entry having been made on condition broken, the rights of the defendants are superior to those of plaintiffs.

2. FORCIBLE DETAINER—DEFENDANT MAY SHOW SOURCE OF TITLE.— Although it is true that this is a mere possessory action, in which the title is not involved and cannot be tried, yet the rule has never been held so rigid as to preclude a defendant from showing the source of his claim to the right of possession.

3. PROOF REQUIRED OF PLAINTIFF.—The plaintiff's right to possession, where the defendant in execution is also defendant in the action of forcible detainer, is fully established by the introduction in evidence of the judgment, execution, sale thereunder and sheriff's deed, but where the defendant in forcible detainer is a stranger to the judgment, it must be shown that the party in possession holds in subordination to the title or possession of the judgment debtor, and that his right was acquired subsequent to the lien of the judgment. If, prior to the judgment, a party leases the land for a term of years, and the tenant takes possession, a purchaser under the execution cannot recover possession in an action of forcible detainer.

4. MORTGAGEE IN POSSESSION.—A mortgagee in possession cannot be ousted by the execution debtor, or by any one claiming through or under him subsequent to the lien of the mortgage.

APPEAL from the Circuit Court of Putnam county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed November 1, 1879.

This is an action of forcible detainer commenced in the Circuit Court of Putnam county, by appellees against appellants, to recover possession of certain lots situated in Hennepin in said county.

The plaintiffs below base their right of recovery through a judgment rendered in their favor against Samuel G. and John

Nicholson v. Walker.

W. Leech, levy under execution, sale and sheriff's deed, and appellants defend their possession as tenants of the assignees of a mortgage given by Samuel G. Leech, to John W. Leech.

It appears from the record that on the 2d day of November 1874, Samuel G. Leech executed a mortgage to John W. Leech, upon the premises in dispute to secure one note for $8,000, due in two years from date, which mortgage was duly recorded November 7th, of the same year; that Samuel G., on the 15th day of June 1876, made an assignment of all his property, including the premises in controversy to William H. Casson, for the benefit of his creditors and that such assignment was recorded on June 17th.

Under this assignment the assignee, Casson, leased the premises to one Stockdale who went into possession thereof and retained the same until the fall of 1877, when he was ousted under a judgment in ejectment recovered against him at the October term of the Circuit Court by said John W. Leech as mortgagee for condition broken who then took possession of the premises and soon afterwards assigned the note and mortgage and delivered the possession of the lots to the landlords of appellants. John W. Leech, until his entry under his judgment in ejectment, never had possession of the premises and never claimed any interest therein, except as mortgagee, so far this record discloses. The judgment under which appellees' claim was rendered by the Circuit Court of Putnam county on the 28th day of October, 1876, and execution issued thereon March 10th, 1877, and premises sold thereunder April 10, 1877, to the appellees, who received a sheriff's deed therefor July 23, 1878, the premises not having been redeemed from such sale.

Messrs. BANGS, SHAW & EDWARDS, for appellants; cited 1 Hilliard on Mortgages, 184; 2 Washburn on Real. Prop. 133; Eaton v. Whiting, 3 Pick. 488; Blanchard v. Colburn, 16 Mass. 346; Huntington v. Smith, 4 Conn. 237; Glass v. Ellison, 9 N. H. 69; Jackson v. Willard, 4 Johns. 41; Runyan v. Mesureau, 11 Johns. 534; Johnson v. Hart, 3 Johns. Cas. 329; Portland Bank v. Hall, 14 Mass. 207; Hunter v. Hunter,

Walker, 194; Smith v. Peoples' Bank, 24 Me. 185; Rickerts v. Madeira, 1 Rawle, 325; Dickason v. Dawson, 85 Ill. 53.

Messrs. BARNES & MUIR, for appellees; that the mortgagor and mortgagee had a possessory title which was liable to sale, cited Thomas v. Bowman, 29 Ill. 426.

Appellants are in possession as tenants under defendants in execution, and the action lies against them: Rice v. Brown, 77 Ill. 549.

An execution debtor cannot dispute the title on an execution sale against him: Ferguson v. Miles, 3 Gilm. 358.

A valid judgment, execution, sale and sheriff's deed entitle plaintiffs to recover: Carpenter v. Sherfy, 71 Ill. 427.

Title to land cannot be drawn in question in this action: Doty v. Burdick, 83 Ill. 473; Turney v. Saunders, 4 Scam. 527.

The mortgage could not be assigned for the benefit of creditors, to the injury of any one of them: 1 Hilliard on Mortgages, 345.

If there is any remedy under the mortgage it must be by foreclosure, after yielding possession under the sheriff's deed: Hayes v. Barnard, 38 Ill. 297.

PILLSBURY, P. J.   Although the judgment and execution through which the appellees claim to recover the possession of the premises, were against both Samuel G. and John W. Leech, yet at the time of the rendition of the judgment, the issue of execution and sale of the premises John W. Leech had no interest in the land that was subject to levy and sale under the execution against him, as the law appears to be that the interest of a mortgagee in real estate before foreclosure or entry for condition broken, is not liable to levy and sale under execution. Blanchard v. Colburn, 16 Mass. 346; Huntington v. Smith, 4 Conn. 237; Glass v. Ellison, 9 N. H. 69; Jackson v. Willard, 4 Johns. 41; Freeman on Executions, §§ 118, 184.

Neither can his interest be sold under execution against him and the mortgagor.   Freeman on Executions, § 184, citing 1 Dana 188; King v. Cushman, 41 Ill. 31.

The appellees, therefore, by virtue of the sale, acquired no

Nicholson v. Walker.

paramount right in the premises, as their judgment was the junior lien.

If the interest of the mortgagee was unaffected by the sale under execution, we are unable to see why his assignees cannot defend their possession as mortgagees in possession for condition broken.

In Dickason v. Dawson, 85 Ill. 54, which was a like action with this, the mortgagee, Mary Grey, leased the premises of the defendant in execution, agreeing to apply the rent in discharge of the mortgage, and it was held that neither Foss, the lessor and execution debtor, nor any one claiming through him could recover the possession until the mortgage debt was paid. That case is a much stronger one than this for the appellees, for in this case there is no pretense even that appellants held under lease from Samuel G. Leech.

While it is true as contended by appellees' counsel, that this is a mere possessory action in which the title is not involved and cannot be tried, yet this rule has never been held so rigid as to preclude a defendant from showing the source of his claim to the right of possession to the premises. The plaintiff is bound to establish a right to the present possession as against the defendant, and this very principle pre-supposes the right of the defendant to defeat the plaintiff's claim, by proving a better in himself.

The plaintiff's right to the possession of the premises where the defendant in execution is also defendant in the action of forcible detainer, is fully established by the introduction, in evidence of the judgment, execution, sale thereunder, and sheriff's deed; but where the defendant in the action is a stranger to the judgment, it is apprehended that it must be shown that the party in possession holds the premises in subordination to the title or possession of the judgment debtor, and that his right to the possession was acquired by him subsequent to the lien of the judgment upon which the premises were sold.

If prior to the rendition of a judgment against a party, he leases his land for a term of years, and the tenant takes possession, it certainly cannot be that the purchaser at a sale upon

execution under such judgment can recover the possession in an action of forcible detainer against the tenant before his term expires. Again, if A, owning a tract of land, conveys the same to B, who takes possession under his deed, and thereafter a judgment is rendered against A, and the land sold upon execution and the purchaser receives a sheriff's deed therefor, it would be singular if B, in an action of forcible detainer, could not introduce his deed in evidence, prove his possession thereunder, and thereby defeat the action, notwithstanding such evidence might show that the execution debtor had no vendible interest in the premises at the time of the rendition of the judgment, and the sale upon execution.

We know of no rule of law that prohibits the defendant in actions of this kind from showing to the court and jury the source from which he claims the right to retain possession of the premises, the time when and the manner in which he acquired such possession.

The plaintiffs, in this case, do not base their right of recovery upon a prior possession in themselves, and a forcible invasion thereof by the defendants; hence many of the decisions referred to by counsel for appellees, announcing the principles of law governing actions of forcible entry, do not apply.

Here they seek to obtain the possession of the premises under the provision of the statute, giving an action of forcible detainer when land has been sold under a judgment, and the party to such judgment, after the time for redemption has expired, refuses or neglects to surrender possession thereof to the person entitled thereto; and in order to recover, it should appear that the defendants, as they are not parties to the judgment, hold such possession in subjection to the interest acquired by the appellees at the sale. If, in endeavoring to show such facts on the trial, it is made to appear that the appellants are in possession under a valid conveyance made by the defendant in the judgment prior to its rendition, and which was unaffected by the sale under execution, we are of opinion that the appellants are not estopped in this case from setting up such deed, and possession thereunder, to defeat the plaintiffs in this action. If the interest of John W. Leech, as mortgagee

in the premises, was unaffected by the sale upon execution (and it is not even claimed by counsel for appellees, in their brief, that it was affected), we are of the opinion that the appellants are in the position of mortgagees in possession, and the case is brought directly within Dickason v. Dawson, 85 Ill. 53, and must hold, as the Supreme Court there held, that the mortgagees in possession cannot be ousted by the execution debtor, nor by any one claiming through or under him subsequent to the lien of the mortgage.

The judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.