# Morris & Co. *v.* Barker.

*Bill in Equity by Sub-Purchaser at Execution Sale, to cancel Conveyance as Cloud on Title.*

1. *Sale of mortgagee's interest under execution, or attachment.*—The interest of a mortgagee in lands, at least before entry for condition broken, if not before foreclosure (as to which *quære*), is not subject to levy and sale under execution or attachment, either under statutory provisions (Code, § 3209), or under common-law principles.

APPEAL from the Chancery Court of Montgomery.
Heard before the Hon. JOHN A. FOSTER.

[Morris & Co. v. Barker.]

The bill in this case was filed on the 29th July, 1884, by the partners composing the firm of Josiah Morris & Co., against J. N. Barker and his wife, and Thornton Taliaferro as trustee for Mrs. Barker; and sought to cancel and remove, as a cloud on the complainants' title to certain lands in Lee county, of which they were in possession, a conveyance to said Taliaferro as trustee for Mrs. Barker. According to the allegations of the bill, the lands had belonged to one W. C. Ross, and were conveyed by him, by mortgage dated in April, 1873, to said J. N. Barker, as security for $2,000 money loaned. The law-day of this mortgage was October 1st, 1873; and the debt not being paid at maturity, a new note and mortgage were executed, in favor of said Taliaferro as trustee for the wife of J. N. Barker. A second default occurring in the payment of the debt, an absolute conveyance of the lands was executed and accepted in payment and satisfaction of the debt, in favor of said Taliaferro as trustee for Mrs. Barker; and this is the conveyance which the bill sought to cancel and remove. J. N. Barker was a partner in the firm of Reese, Rigney & Co., and W. S. Reese was also a partner; and on the 6th March, 1878, a judgment was rendered against them as such partners, in the City Court of Montgomery, in favor of Farley, Spear & Co., for more than one hundred thousand dollars. An execution on this judgment, regularly issued, was levied on the lands in September, 1882, as the property of J. N. Barker; and at the sale under this levy, in December, 1883, Mrs. Mary L. Reese, the wife of said W. S. Reese, became the purchaser, receiving a deed from the sheriff, dated January 30th, 1884. On the 15th March, 1884, said W. S. Reese and wife conveyed the lands, on the recited consideration of $3,000 paid, to the complainants in this suit, who at once entered into possession. The bill alleged that the greater part of the debt from Reese, Rigney & Co., to Farley, Spear & Co., was contracted in 1872, and that the mortgage and subsequent conveyance by Ross to Taliaferro, as trustee for Mrs. Barker, were executed with a fraudulent intent on the part of said J. N. Barker to hinder, delay and defraud his creditors, and especially the plaintiffs in said judgment. Neither the mortgage to Taliaferro, nor the subsequent absolute conveyance to him, was made an exhibit to the bill; and the dates of these instruments are not shown by the bill or its exhibits.

On demurrer for want of equity, and on motion to dismiss, the chancellor dismissed the bill for want of equity, on the ground that J. N. Barker, as mortgagee, had no in-

18

[Morris & Co. v. Barker.]

terest in the lands which was subject to levy and sale under execution ; and his decree is now assigned as error.

BRICKELL, SEMPLE & GUNTER, for appellants.—On common-law principles, and under the decisions of this court, a mortgagee has a legal interest, which becomes an absolute legal estate after condition broken ; and this interest is subject to levy and sale under execution.  A statute was necessary to subject the mortgagor's equity of redemption to levy and sale under execution (Code, § 3209); and if a statute had been necessary to subject the legal estate of the mortgagee, the words of the statute cover it.—*Coyle v. Wilkins*, 57 Ala. 110 ; 1 Coke's Inst., vol. 3, 512, H. & T. notes ; *Childress v. Monette*, 54 Ala. 319 ; *Welsh v. Phillips*, 54 Ala. 309 ; *Roulhac v. Jones*, 78 Ala. 398.  The decisions in New York and other States, where it is held that the mortgagee has not a legal estate, and can not maintain ejectment, have no application here.—*Morris v. Mowatt*, 22 Amer. Dec. 666 ; *Wilson v. Troup*, 14 Amer. Dec. 458.

WILLIAMSON & HOLTZCLAW, *contra*.

SOMERVILLE, J.—One well-settled proposition of law compels the affirmance of the chancellor's decree.  That proposition is, that the interest of a mortgagee, although a legal title, is not subject to attachment, or sale under execution, at least before an entry for condition broken, with a view to foreclosure, even if it can then be done,—as to which we intimate no opinion.  "This doctrine," says Mr. Drake in his treatise on Attachments, "has been so frequently discussed and re-affirmed, that it may be considered fully established."—Drake on Attach. (6th ed.), § 235.  It is said in Jones on Mortgages, "The interest of a mortgagee can not be levied upon, or attached for his debts, before foreclosure.  Some of the earlier cases only decide that the interest of the mortgagee before entry is not attachable ; but, as all the inconveniencies that would attend an attachment before entry continue until foreclosure is complete, the law seems to have become settled, that no attachment of the mortgagee's interest can be made until foreclosure."—1 Jones on Mortg. (3d ed.), § 701.  "It would be useless to permit the sale of the mortgagee's legal title under execution," observes Mr. Freeman, in his work on Executions, "if he were still to remain the holder of the indebtedness.  The indebtedness, being a more *chose* in action, was not subject to execution."—Freeman on Executions, § 184.

These conclusions are fully supported by the authorities,

VOL. LXXXII.

[Morris & Co. v. Barker.]

and by the reason of the law. The legal title of the mort-
gaged property, it is true, is vested in the mortgagee; but
the mortgage itself is a mere incident of the debt, and in-
tended as a security; and the debt not being subject to exe-
cution, because a *chose* in action, no more ought the mort-
gage to be. If one execution could be levied on such an
interest, any number could be with equal propriety; and
the mortgagor, as well as the mortgagee, would thus be har-
assed by efforts to sever the debt from the security; which,
if allowable, would lead to infinite embarrassments, and
complicated litigation. The mortgagee's right of redemp-
tion would especially be embarrassed. Said Chief-Justice
Parker, in *Blanchard v. Collum,* 16 Mass. 345: "The difficul-
ties of levying upon land mortgaged, to satisfy a debt due
from the mortgagee, are insuperable." And in *Rickert v.
Madeira,* 1 Rawle, 325, the Supreme Court of Pennsylvania,
as far back as 1829, after deciding that the interest of a
mortgagee, whether the mortgage be legal or equitable, can
not be taken in execution, and after reviewing the embar-
rassments attendant upon the contrary doctrine, said:
"These difficulties have produced the almost universal
opinion among the profession, that lands so situated are not
subject to the debts of the mortgagee by execution; and it
is an argument," the court added, "of no inconsiderable
weight, that although mortgages are securities of such com-
mon occurrence, this is the first attempt which has been
made to subject the interest of a mortgagee under a levy
and execution." A like observation might be made in this
case, our own reports furnishing no case where it has ever
been attempted to sustain such a sale.

These views are fully sustained by the authorities.—*Brown
v. State,* 55 Me. 520; *Huntington v. Smith,* 4 Conn. 235;
*Trapnall v. State Bank,* 18 Ark. 53; *Scott v. McWhirter,*
49 Iowa, 487; *Buck v. Sanders,* 1 Dana, 187; *Gooch v. Gerry,*
3 Harr. (Del.) 280; *Marsh v. Austin,* 1 Allen, 235; *Eaton v.
Whiting,* 3 Pick. 484; *Nicolson v. Walker,* 4 Brad. (Ill.) App.
Ct. 404; *Rickert v. Madeira,* 1 Rawle, 325; *Blanchard v. Col-
lum,* 16 Mass. 345, *supra;* Drake on Attach. (6th ed.), § 235;
1 Jones on Mort. (3d ed.), § 701; Freeman on Executions,
§ 184. The cases of *Downing v. Blair,* 75 Ala. 216, and *Welsh
v. Phillips,* 54 Ala. 309, do not conflict with these views.
They were voluntary conveyances of the mortgagee's legal
title,—not sales of a mortgagee's interest under execution.

We are of opinion that section 3209 of the present Code
of 1876 was never intended to change this principle. This
statute has been the law in this State for more than a third
of a century, and has never been supposed to authorize the

sale of a mortgagee's interest under execution; nor has such ever been the practice, so far as we are advised.

Affirmed.