# Gaston *v.* Marengo Improvement Co.

*Statutory Trial of the Right of Property.*

1.  *Pleading and practice; record proper should show ruling of court on motion to strike pleading.*—In order to review a ruling of the trial court on motion to strike a plea from the file, the record proper of the trial court should show a judgment by the trial court, while the exceptions to such judgment should be shown by a bill of exceptions, and where the record proper shows no judgment on the motion to strike, the ruling on said motion, though recited in the bill of exceptions, will not be reviewed.

2.  *Lien of record judgment; does not apply to growing crop.*—The lien of a recorded judgment, extending by statute only to such property, within the county where recorded as is subject to levy and sale under execution, (Code, § 1921), does not extend to a growing crop; a growing crop not being subject to levy and sale under execution.

3.  *Levy of execution; when lien of mortgage superior to lien of execution.*—Where, at the time of the levy of an execution, the property so levied upon had been previously conveyed by a mortgage, the lien of the mortgage is superior to the lien of the execution; and the mortgagee has a superior right and title to the property.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

This was a statutory trial of the right of property, which was instituted by the appellee, Marengo Improvement Company making affidavit and bond, thereby interposing a claim to certain property, which was levied upon under an execution issued upon a judgment recovered by the appellant, J. W. Gaston, against one Bob Fritts. There was a motion made to strike the affidavit of claim made by the claimant, from the file. The bill of exceptions recites that this motion was overruled, but there is no entry in the judgment proper showing the ruling of the court upon said motion.

30

The evidence showed the following facts: A certificate of the judgment recovered by Gaston v. Fritts was recorded in the office of the judge of probate of Marengo county on May 28, 1901. On October 19, 1902, an execution was issued out of the circuit court upon said judgment and the same was levied upon the property involved in the controvery, on October 7, 1902; said property being in the possession of the defendant in execution, Fritts.

The claimant introduced in evidence a mortgage executed by Robert Fritts and his wife to it on January 23, 1902, in which mortgage said Fritts conveyed the crop to be grown by him during the current year. It was admitted that the property levied upon under execution was a part of the crop grown by the defendant Fritts during the year 1902, and was the property described in the mortgage.

Upon the introduction of all the evidence, the court, at the request of the claimant, gave to the jury the general affirmative charge in its behalf. To the giving of this charge the plaintiff duly excepted, and also excepted to the court's refusal to give the general affirmative charge requested by him.

There were verdict and judgment for the claimant. This judgment was rendered on November 7, 1902. Thereafter the plaintiff made a motion for a new trial. This motion was overruled on November 20, 1902. The plaintiff took an appeal; the notice of the appeal reciting that the appeal was taken from a judgment rendered on November 7, 1902.

In the order of the court overruling the motion for a new trial, it is recited that the "plaintiff is given thirty days within which to prepare and file his bill of exceptions." On this appeal plaintiff assigns as error the several rulings of the trial court to which exceptions were reserved.

CANTERBURY & GILDER, for appellant, cited *Bolling v. Jones,* 67 Ala. 308; *Dyer v. State,* 88 Ala. 223; 1 Jones on Mortgages, (3d ed.), § 64; *Ballard v. Mayfield,* 107 Ala. 396; *Cobb v. Malone,* 92 Ala. 630.

[Gaston v. Marengo Improvement Co.]

WILLIAM CUNNINGHAME, *contra*, cited Code, §§ 1891, 1921; *Scruggs v. State*, 111 Ala. 60; *Loan Co. v. Barclay*, 108 Ala. 155; *Joseph v. Cawthorn*, 74 Ala. 411; *Carey v. State*, 76 Ala. 78.

DOWDELL, J.—The appeal is taken from the judgment rendered on the trial of the cause on November 7th, and not from the ruling of the court on motion for a new trial. The order made in term time for the signing of the bill of exceptions in vacation was not limited to the signing of the bill of exceptions on the ruling of the court on the motion for a new trial, but was sufficient to cover the signing of the bill relating to the original trial. There is nothing in this suggestion by appellee. In order to review a ruling of the court on a motion to strike pleading, the record proper of the trial court should show a judgment by the court, and exception to such judgment should be shown by bill of exceptions. The record here shows no judgment by the court on the motion to strike claim affidavit. It is only shown by the bill of exceptions.

The lien of a recorded judgment extends only to such property within the county where recorded as is subject to levy and sale under execution. A growing crop is not subject to levy and sale under execution.—Code of 1896, § 1891 and § 1921.

The mortgage by the defendant to the claimant was prior to the levy of plaintiff's execution, and by it the legal title to the property levied on was conveyed to the claimant.—Code, 1896, § 1064.

The claimant showing superior legal title to the property in question, the court properly gave the general charge as requested in favor of the claimant. No reversible error appearing in the record the judgment will be affirmed.

Affirmed.