(128 So. 784)

## WHITE et al. v. GIBSON.

6. Div. 598.

Supreme Court of Alabama.

May 22, 1930.

Hugh A. Locke and E. M. Creel, both of Birmingham, for appellants.

Jim Gibson, of Birmingham, for appellee.

ANDERSON, C. J.

The bill seeks to enforce an alleged lien upon a certain mortgage given to S. J. White and his wife by Eugene Bee and his wife and which said mortgage was transferred by the Whites to one Clark. The complainant, Gibson, recovered a judgment against S. J. White and had the same registered January 3, 1928, and which said registration antedated the mortgage as well as the transfer of same to Clark.

The important question involved is whether or not the complainant by the registration of his judgment against White acquired a lien which could be fastened to or visited upon the said mortgage. Section 7875 of the Code of 1923 provides: "Every judgment or decree, a certificate of which has been filed as provided in the preceding section, shall be a lien in the county where filed, on all the property of the defendant which is subject to levy and sale under execution."

This court has several times held that this lien only applies to and covers property which is subject to levy and sale under an execution. Brock Candy Co. v. Elson, 211 Ala.

244, 100 So. 94; Gaston v. Marengo Improvement Co., 139 Ala. 465, 36 So. 738. Therefore, the question arises, Was this mortgage subject to levy and sale under execution? Section 7806 of the Code of 1923 defines and specifies what property is subject to levy and sale under execution. Subdivision (2) of said section says: "On personal property of the defendant (except things in action), whether he has the absolute title thereto, or the right only to the possession thereof for his own life, the life of another, or any shorter period; but this does not apply to a possession acquired by a bona fide hiring of chattels."

Our court in the case of Morris & Co. v. Barker, 82 Ala. 272, 2 So. 335, held that this provision, appearing as section 3209 of the Code of 1876, did not authorize a levy and sale under execution of a mortgage, and, if a mortgage is not subject to levy and sale under execution, it cannot be subject to a lien under section 7875 of the Code of 1923. This question was decided contrary to the appellee's contention over forty years ago, and the statute, as thus construed, has been reproduced without material change in four codes.

As the complainant had no lien upon the property in question, his bill of complaint was without equity, and the trial court erred in overruling the respondents' demurrer thereto.

The decree of the Circuit Court is reversed, and the cause is remanded.

Reversed and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.