**In re Charles LITTLE, Debtor.**

**Earl GILLIAN, Jr., Plaintiff,**

v.

**COVINGTON COUNTY BANK, Defendant.**

**Bankruptcy No. 87–0007.**

United States Bankruptcy Court, M.D. Alabama, N.D.

Aug. 21, 1987.

E. Terry Brown, Copeland, Franco, Screws & Gill, Montgomery, Ala., for plaintiff.

Benton H. Persons, Andalusia, Ala., for defendant.

## ORDER DENYING MOTION FOR NEW TRIAL

A. POPE GORDON, Bankruptcy Judge.

The trustee filed a timely motion for a new trial in this adversary proceeding. The motion was heard August 18, 1987. Upon consideration of the motion and the arguments and representations of counsel, the court concludes that the judgment of the court should stand except as it may be affected by this order. The decision in this

adversary proceeding is augmented in support of this conclusion.

At the hearing the trustee submitted the case of *Matter of Alberto*, 66 B.R. 132 (Bankr.D.N.J.1985) for consideration in support of his position. *Alberto*, unlike this case, involved a ship which was property of the estate. The *Alberto* court held, quite correctly, that the Ship Mortgage Act controls perfection of a ship mortgage against creditors of a mortgagor. The mortgagor in that case was the debtor in bankruptcy, the debtor was in possession of the ship, and the trustee was asserting the rights of creditors against the holder of a mortgage that had not been perfected under the Ship Mortgage Act.

In *Alberto* the court was concerned with the application of 46 U.S.C. app. § 1012 (1987) and whether the trustee had actual notice of the unrecorded ship mortgage or could be charged with notice. Section 1012 provides in effect that an unrecorded mortgage is valid only against the mortgagor *and persons with actual notice of the mortgage*.[1]

Therefore, any knowledge of the mortgage assignment creditors of the mortgagor had at the commencement of the 90–day preference period renders the assignment valid against the trustee and creditors under section 1012. The possession of the chattel papers by the Bank and the lack of possession by the debtor obligates a prospective creditor or transferee to inquire into the Bank's interest and thereby the creditors and the trustee, as a representative of the creditors, is charged with notice of the mortgage assignment. Thus the Bank is removed from the recording requirements of 46 U.S.C. app. § 1012 (1987).

A further reason the trustee could not prevail under section 544 is found in *Ala.Code* § 6–9–210 (1975), which provides that a judgment is a lien only on property subject to execution, and section 6–9–40(2) which provides that execution may not be levied on choses in action such as a debt represented by a mortgage and mortgage note. See *White v. Gibson*, 221 Ala. 279, 128 So. 784 (1930).

---

1. Under 11 U.S.C. § 544, the trustee is a hypothetical judicial lien creditor and a creditor with a writ of execution against property of the debtor *without regard to any knowledge of the trustee or of any creditor.* Section 544 is not available to the trustee here, because the use of that section is tied to the status of the security interest on the day the case was filed. The Bank's lien had been perfected by the date of commencement of the case.

This case does not involve a ship as property of the estate. The property of the estate here is a ship mortgage and mortgage note (chattel paper) in possession of a creditor, the Bank, representing a debt which has been assigned to the creditor as security. The trustee cannot successfully attack the security interest of the Bank because, as held, the transfer of the security interest in the chattel papers was perfected by the Bank outside the 90–day preference period by possession without filing, as permitted by *Ala. Code* § 7–9–305 (1975). If for some reason the mortgagee never does perfect the ship mortgage lien under the Ship Mortgage Act, the debt owed by the mortgagor to the mortgagee (or assignee holding a security interest in the mortgage note) is, nevertheless, an asset on which the assignee of the security interest may rely. Lack of perfection of the mortgage or the assignment may render the ship mortgage vulnerable to creditors or transferees of the mortgagor or mortgagee or may prevent maritime foreclosure (leaving the mortgage note unsecured until the mortgage or assignment is perfected), but the debt remains an obligation of the mortgagor even though unsecured. If the debt is paid, as here, foreclosure of the mortgage obviously becomes unnecessary. Lack of perfection of an assignment of the mortgage, even if that were necessary under section 1012, should not confer a greater right on creditors of the mortgagee than they have to intercept mortgage payments due to the mortgagee.

Contrary to the argument of the trustee, U.C.C. § 9–302(1)(a) does not require the filing of a financing statement if the collateral is in possession of a secured party. Nor is the holding in this case disharmonious with U.C.C. § 9–302(2).[2] Comment 7 of the Official Comments to section 9–302 explains that if the assignment from the seller (in this case, Little, who is also the debtor and mortgagee) to the Bank was

intended for security, the Bank must take whatever steps are required for perfection to have protection from the seller's transferees and creditors. One of the steps which may be taken for such perfection and which is permitted by U.C.C. § 9–305, is continuous possession of the mortgage and mortgage note (chattel paper) by the secured party.

The trustee questions the accuracy of the finding that the Bank had the required continuous possession of the mortgage note. Evidence of such possession is found in the assignment of the mortgage, which instrument recites delivery of the mortgage and note to the Bank. There is no evidence before the court to show lack of delivery or lack of such possession during the critical period beginning the first day of the 90–day preference period and continuing until recording of the mortgage assignment (November 22 to December 5, 1985). The trustee, however, will be permitted to supplement the record with any evidence showing lack of continuous possession. Such a showing would likely change the result of this decision.

The holding in this case is limited to resolution of the single issue of whether there is a voidable preferential transfer of property of the estate. The trustee is not precluded from filing a proceeding to require the Bank to turn over collateral held by the Bank to the extent that the Bank may be oversecured.

Judgment should not be set aside except for substantial reason. Wright and Miller, *Federal Practice and Procedures*, § 2804 (1973). No substantial reason is made to appear by the trustee. Accordingly, it is

ORDERED that—

1. The motion of the trustee is DENIED except as provided in paragraph 2.

2. Within 30 days from the date of this order, the trustee may supplement the record with respect to possession of the

---

**2.** U.C.C. § 9–302(2) reads:

If a secured party assigns a perfected security interest, no filing under this article is required in order to continue the perfected status of the security interest against creditors of and transferees from the original debtor.

The ship mortgage was perfected by recording on October 10, 1985. Thus, the mortgage when assigned to the Bank continued to enjoy a perfected status and, as such, protected the Bank (and the debtor) from creditors and transferees of the purchaser of the ship.

chattel paper securing the Bank loan to the debtor. The record may be supplemented, with the consent of the Bank, by affidavit; or upon request of the trustee made within such time, the court will reopen the adversary proceeding for the purpose of taking testimony with respect to such possession. Absent a timely request or supplement to the record, this order shall become final.