# Steiner Bros. *v.* Berney *et al.*

### *Bill in Equity to set aside Conveyance of Homestead.*

1. *Homestead exemptions; character of estate or title.*—Under the constitutional and statutory provisions, a homestead exemption may be claimed in lands which are occupied and constitute the dwelling place of the family, without regard to the nature or character of title, whether in fee simple, for life, or for years only.

2. *Same; same.*—A vested life estate in property used as a homestead may constitute a homestead exemption within the meaning of the constitution and statute.

3. *Same; when excess of value exempt can be subjected to payment of debts.*—If the interest in land claimed as a homestead does not exceed two thousand dollars, no part of such interest is subject to execution for the payment of debts; but if the debtor's interest in said land, whether in fee simple or for life, exceeds the value exempt, the excess only can be subjected to the debt, and if such interest be sold, the debtor is entitled to claim as exempt and to have paid to him, two thousand dollars of the proceeds.

4. *Same; conveyance of homestead valid as against creditors.* Creditors can not complain of a conveyance of his homestead by their debtor, since they are not thereby injured or deprived of any rights under the law.

5. *Life estate; ascertainment of value.*—In ascertaining the value of a life estate, the physical appearance, health and age of the life tenant should be considered.

APPEAL from the City Court of Birmingham, in Equity.

Heard before the Hon. W. W. WILKERSON.

The bill in this case was filed on December 26, 1894, by the appellants, B. Steiner and S. Steiner, partners, doing business under the firm name of Steiner Brothers, against the appellees, William Berney and his three daughters, Rebecca Berney, Lizzie Berney and Mary Berney. At the time of the filing of the bill, Rebecca

Berney, Lizzie Berney and Mary Berney were under 21 years of age, and Henry R. Dill was appointed guardian *ad litem* of said defendants.

It was averred in the bill, in substance, that on April 9, 1894, William Berney, who was at that time largely indebted to complainants and to several other persons, made a conveyance of certain real estate described in the bill to his three infant daughters, Rebecca Berney, Lizzie Berney and Mary Berney; that at the time of said conveyance said William Berney was the owned of a life estate in said real estate, and that while said conveyance recited as the consideration thereof the sum of $1,500 in hand paid, in fact nothing whatever was paid for said real estate, and that said consideration was simulated and fictitious, said conveyance being without any valuable and adequate consideration; and that if anything was paid as the consideration of said real estate, such payment was inadequate to the value of said real estate. The bill further alleged that said conveyance was made and received with the intent to hinder, delay and defraud complainants and the other creditors of William Berney. The bill alleged that at the time said conveyance was made, Rebecca Berney and Lizzie Berney were under 21 years of age, and that Mary Berney was not more than three years of age, and that all of said grantees were living with said William Berney and were supported by him. The bill prayed that the said conveyance be set aside as fraudulent and void as against complainants, and that said real estate be sold for the satisfaction of complainants' debts.

Separate answers were filed by William Berney and on behalf of the infant defendants. These answers were practically the same, with the exception that William Berney denies the alleged indebtedness to the complainants, and the guardian *ad litem* avers want of information, and neither admits nor denies. In these answers it was averred that at the time of the execution of the conveyance by William Berney to his three infant daughters he was the owner of a life estate in the property so conveyed, and that he was occupying said property as a homestead at such time; that William Berney

[Steiner Bros. v. Berney *et al.*]

was indebted to his infant daughters in a sum greater than the consideration expressed in said deed, and that the conveyance was made to them in part payment of such indebtedness. It was further averred that the life estate of William Berney in the property so conveyed did not exceed two thousand dollars at the time of the execution of said conveyance. The evidence in the case is sufficiently shown in the opinion.

Upon the submission of the cause on the pleadings and proof the chancellor rendered a decree denying the relief prayed for, and ordering the bill dismissed. From this decree the complainants appeal, and assign the rendition thereof as error.

RUDULPH & HUDDLESTON, for appellants.—In a suit to set aside a conveyance as in fraud of creditors, the conveyance having been made by the debtor to his children, who are infants, in payment of an antecedent debt alleged to be due them; a presumption of *mala fides* arises, and the burden of proof is on the defendants to show, not only a *bona fide* debt not materially less than the fair and reasonable value of the property, but in addition thereto that the conveyance was made and received in good faith and without the reservation of a benefit to the debtor.—*Calhoun v. Hannon,* 87 Ala. 277; *Wedgworth v. Wedgworth,* 84 Ala. 274; *Reeves v. Skipper,* 94 Ala. 407; *Gordon v. McIlwain,* 82 Ala. 247; *Carter v. Coleman,* 82 Ala. 177; Wait Fraudulent Conveyances, §§ 242-243; 14 Am. & Eng. Ency. Law (2d ed.) 487.

HENRY R. DILL and J. Q. COHEN, *contra.*—The value of the property, the health and age of the party must be considertd.—*Gordon v. Tweedy,* 74 Ala. 238; *Ala. Min. R. R. Co. v. Jones,* 114 Ala. 519. Mortality tables are merely a circumstance to be considered.—*Ala. Min. R. R. Co. v. Jones,* 114 Ala. 519.

Creditor cannot complain where the property deeded is the homestead and under the value of two thousand dollars.—*Fuller v. Whitlock,* 99 Ala. 411; *Shubert v. Winston,* 96 Ala. 514; *Pollock v. McNeill,* 100 Ala. 203.

SHARPE, J.—To every resident of this State our statute (Code, § 2033) exempts from liability to creditors the homestead not to exceed one hundred and sixty acres or two thousand dollars in value "to the extent of any interest he may have therein whether a fee or less estate." A vested life estate in property used as a homestead like any other interest which but for the exemption might be subjected to levy and sale under process, may constitute a homestead within the meaning of and is protected by the statute.—*Watts v. Gordon,* 65 Ala. 546; *Tyler v. Jewett,* 82 Ala. 93; *Winston v. Hodges,* 102 Ala. 304.

It is the value of the debtor's interest whether qualified or comprising the whole estate in the homestead land that must be estimated in determining what is exempt; so that if the land is worth more than two thousand dollars while the debtor's interest does not exceed that sum, there is nothing subject to execution for debt. If the debtor's interest whether qualified or absolute exceeds the value exempt, the excess can only be subject to debt, and if such interest be sold, the debtor is entitled to claim as exempt and to have paid to him two thousand dollars of the proceeds.—Code, § 2061; *Kennedy v. First Nat. Bank of Tuscaloosa,* 107 Ala. 170.

The right of a debtor to convey his exempt homestead is absolute, being in nowise dependent on adequacy of consideration or integrity of purpose. This is so because the conveyance withdraws nothing which could have been reached by creditors and consequently works them no injury.—*First Nat. Bank of Talladega v. Browne,* 128 Ala. 557; *Pollock v. McNeil,* 100 Ala. 203; *Fuller v. Whitlock,* 99 Ala. 411; *Hodges v. Winston,* 95 Ala. 514; *Fellows v. Lewis,* 65 Ala. 343; *Kennedy's Case, supra.*

The proof shows without dispute that the lot in which William Berney's life estate existed was his homestead at the time he conveyed that interest to his children. Unless it further shows the market value of that interest to have been more than two thousand dollars the inquiry need proceed no further, for in such case no fraud can

be predicated upon the conveyance assailed by the bill.

Witnesses who appear to have been acquainted with the values of real property have testified on that subject, but their statements differ widely concerning the value of this estate. The difference, however, grows mainly out of the basis of calculation in respect of the expected duration of the estate. Those giving its value as in excess of two thousand dollars, estimate such duration according to averaged life expectancies as shown in tables relating to persons eligible for life insurance, while those who testify the value was less than two thousand dollars, base their opinion partly upon their knowledge of William Berney's apparent physical condition which they say was bad.

We think the opinions of the latter rather than the former class furnish the safer guide. Mortality tables though competent to be looked to as evidence, do not of themselves furnish a test of life expectancy upon which investors would be likely to rely. The life tenant's physical appearance so far as it is favorable to or opposed to longevity, and likewise the element of uncertainty which attends an income derived from short leases on residence property, are matters which doubtless would largely influence those proposing to purchase a life estate in such property. Unforeseen improvement occurring since the sale whether in the life tenant's health, or in demand for property, can throw no light on the present question which is of the value as it existed at the time of sale.

Upon consideration of the whole evidence we are unable to conclude the conveyance here attacked included anything not exempt by law from the grantor's debts. The decree appealed from will be affirmed.

Affirmed.