# Franklin v. Comer.

### Contest of Homestead Exemptions.

(Decided Feb. 6, 1911.　54 South. 430.)

1. *Homestead; Exemptions; Value; Debtor's Interest in Property.* —Under section 4160, Code 1907, the value of the debtor's interest in the homestead must be determined, and if the homestead is worth more than $2,000.00, but the debtor's interest does not exceed that sum because of a valid encumbrance on the property, then there is nothing subject to execution against the debtor.

2. *Same; Abandonment.*—A homestead is not rendered subject to an execution because of the fact that the debtor removes from the homestead after the levy of the execution.

3. *Same; Value; How Determined; Encumbrances.*—A valid and subsisting encumbrance on the homestead should be deducted in ascertaining the debtor's interest therein, but if the encumbrance is subject to or inferior to the homestead right, it should not be deducted.

APPEAL from Montgomery City Court.

Heard before Hon. WILLIAM H. THOMAS.

E. R. Franklin recovered judgment against N. B. Comer, and levied execution on certain lots alleged to belong to Comer. Comer filed his exemptions, setting up that the homestead did not exceed in area 160 acres,

or in value $2,000, exclusive of incumbrances. It is claimed that the property ranged in value between $4,000 and $4,900; and that there was a mortgage on the property amounting to approximately $2,500. From a judgment allowing the exemptions, Franklin appeals. Affirmed.

TYSON, WILSON & MARTIN, for appellant. The statutes require that if on the trial of the contest of the claim of homestead exemption, it is found that the homestead exceeds $2,000 in value, the court shall forthwith issue an order, etc. There is no provision in the statute for deducting from the value of the homestead any encumbrances that might exist thereon.— *Miller v. Marks*, 55 Ala. 331. The provisions are statutory and must be strictly construed.—*Black v. George*, 70 Ala. 409. See in this connection 13 Neb. 321; 17 Ib. 530; 7 Ib. 183; 41 Ohio. St. 377; 87 N. C. 87; 110 Ill. 581. Counsel insist that in any event the abandonment of the homestead rendered it liable to sale under execution.—*Blum v. Carter*, 63 Ala. 237; *Pollak v. Caldwell*, 94 Ala. 152; *Bland v. Putnam*, 132 Ala. 617. Without averment and proof of occupancy a claim of homestead exemptions cannot prevail.—*Lynn v. Wann*, 72 Ala. 43; *Hines v. Duncan*, 79 Ala. 116; *Land v. Boykin*, 122 Ala. 527.

HILL, HILL & WHITING, for appellee. The actual value of the homestead was $4,000.00, and the bona fide encumbrance thereon was $2,400.00, hence, there was nothing on which execution could operate.—*Steiner Bros. v. Burney*, 130 Ala. 292. The question is immaterial as to the abandonment of the homestead. The real question is whether this was a homestead at the time execution was levied and claim filed.—*Murphy v. Hunt, et al.*, 75 Ala. 438.

[Franklin v. Comer.]

ANDERSON, J.—To every resident of this state our statute (Code 1907, § 4160) exempts from liability to creditors the homestead, not to exceed 160 acres or $2,000 in value, "to the extent of any interest he may have therein, whether a fee or less estate." It is the value of the debtor's interest, whether qualified or comprising the whole estate, in the homestead land, that must be eliminated in determining what must be exempt; so that, if the land is worth more than $2,000, while the debtor's interest does not exceed that sum, there is nothing subject to execution for debt.—*Steiner Bros. v. Berney,* 130 Ala. 289, 30 South. 570; *Bailey v. Dunlap 'Co.,* 138 Ala. 415, 35 South. 451; *Tyler v. Jewett,* 82 Ala. 93, 2 South. 905.

There being a valid and subsisting incumbrance on the homestead, the defendant had only an interest therein subject to said incumbrance, the amount of which was properly deducted from the value of said homestead; and if his interest, after deducting the amount of the mortgage, did not exceed $2,000 in value, it was exempt from the payment of his debt. This is not only the proper construction of our statute, as indicated by the tendency of our own decisions, but is the construction given similar ones in other jurisdictions.—*Kilmer v. Garlick,* 185 Ill. 406, 56 N. E. 1103; *Houf v. Brown,* 171 Mo. 207, 71 S. W. 125; *Meyer v. Nickerson,* 101 Mo. 184, 14 S. W. 188; *Hoy v. Anderson,* 39 Neb. 386, 58 N. W. 125, 42 Am. St. Rep. 591; 21 Cyc. 492. Of course, if the incumbrance is inferior to the homestead right, it should not be deducted; but, if it is a valid and subsisting claim or lien on the homestead, it should be deducted in ascertaining the interest of the debtor in the property.

It matters not whether the removal of the defendant, on October 1, 1910, to Birmingham, did or did not

amount to an abandonment of the homestead, as this was long after the levy of appellant's execution. "The right to a homestead or other exemption, which is conferred by the Constitution and the statute laws of this state, must be determined according to the state of facts existing at the time when the lien of the execution or other process against the claimant attaches."—*Murphy v. Hunt*, 75 Ala. 438; *McCrary v. Chase & Co.*, 71 Ala. 540.

The judgment of the city court is affirmed.

Affirmed.

D'OWDELL, C. J., and SAYRE and SOMERVLLE, JJ., concur.