(100 South. 94)

## BROCK CANDY CO. v. ELSON.
### (7 Div. 430.)

(Supreme Court of Alabama. April 10, 1924.
Rehearing Denied May 15, 1924.)

1. **Homestead** ⟐⟐66 — **In determining homestead exemption incumbrances deducted from value of whole interest.**

Under Code 1907, § 4160, if the interest of a homestead claimant is subject to mortgage or other incumbrances, the amount of such incumbrance must be deducted from the value of his entire interest in fixing the value of the property as his homestead, the whole being exempt if the balance after such deduction is less than $2,000.

2. **Exemptions** ⟐⟐76—**Judgment lien never attaches to property exempt from execution.**

Judgment lien under Code 1907, §§ 4156 and 4157, never attaches to property exempt from execution.

3. **Fraudulent conveyances** ⟐⟐52(1) — **Homestead interest may be alienated notwithstanding judgment against owner.**

A judgment debtor may, notwithstanding the judgment against him, convey or mortgage at pleasure his homestead interest under Code 1907, § 4160.

4. **Homestead** ⟐⟐66—**Judgment lien held not to have attached to homestead interest through discharge of prior mortgages and execution of new.**

Where two new mortgages executed by the owner of a homestead to take the place of previous mortgages took effect contemporaneously with or prior to the discharge of such old mortgages, and owner's interest after deducting incumbrances never exceeded $2,000, did not attach.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

An execution in favor of the Brock Candy Company being levied upon certain real estate of I. Elson, a claim of homestead exemption was interposed. On trial of the contest of homestead there was judgment for defendant, and plaintiff appeals. Affirmed.

Motley & Motley, of Gadsden, for appellant.

Satisfaction of the prior mortgage enured to the benefit of the junior lienor. Cowley v. Shelby, 71 Ala. 122; Gardner v. Morrison, 12 Ala. 547; Henderson v. Murphree, 124 Ala. 223, 27 South. 405; 27 Cyc. 1224; Code 1907, § 4898. Execution of the new first mortgage created a new debt. Tyler v. Jewett, 82 Ala. 93, 2 South. 905; Chapman v. Abrahams, 61 Ala. 108. Where the debtor's interest exceeds the value exempt, the excess may be subjected to execution. Steiner Bros. v. Berney, 130 Ala. 289, 30 South. 570; Code 1907, §§ 4187, 4188.

Goodhue & Lusk, of Gadsden, for appellee.

In fixing the value of the homestead, the claimant has the right to deduct any valid encumbrances. Franklin v. Comer, 170 Ala. 229, 54 South. 430. The party advancing money to discharge the old mortgage was subrogated to the rights of the original mortgagee. Woodruff v. Satterfield, 199 Ala. 477, 74 South. 948; Hampton v Counts, 202 Ala. 331, 80 South. 413. Homestead laws are to be liberally construed. Lewis v. Lewis, 201 Ala. 112, 77 South. 406.

BOULDIN, J. This is a contest of claim for homestead exemption. The facts are not in dispute, and may be thus summarized: The property, a house and lot in the city of Gadsden, has been continuously occupied by the debtor as his homestead since 1916. The value is $3,500. In March, 1922, the plaintiff obtained a judgment against the debtor and caused it to be duly registered. At that time the property was subject to two valid mortgages, both superior to the homestead right, one for $1,900 and one for $650. In October, 1922, the debtor, desiring to pay off the senior mortgage negotiated a loan of $1,800 from a third person for that purpose, to be secured by a first mortgage on the same property. To that end the holders of the second mortgage agreed to take a new mortgage made subject to this first mortgage. Both these new mortgages were executed of date November 1, and filed for record November 4, 1922. Thereupon the old senior mortgage was paid off, indorsed satisfied in full, and surrendered on November 4, 1922. The second mortgage was indorsed satisfied in full and surrendered November 3, 1922. The entire matter of satisfying the old mortgages, making and recording the new ones, was by several contemporaneous acts, all one general transaction. Thereafter the plaintiff raised execution on the registered judgment, and levied upon the property. The debtor filed his claim of homestead exemptions. The plaintiff contested on the ground that the claim was excessive.

The trial court sustained the claim of the defendant debtor. Hence this appeal.

The point made by appellant is that the lien of the registered judgment is superior to the mortgages thereafter given and recorded; that, the pre-existing mortgages having been satisfied and canceled, the excess value of the lands over $2,000, the homestead exemption, is now subject to plaintiff's judgment.

[1] The homestead right is a favored one in Alabama. It is safeguarded by constitutional and statutory provisions. It is part of the public policy of the state to protect the shelter and abiding place of the citizen and his family, within the limits and area defined, until alienated, waived, or abandoned in the manner fixed by law. The homestead of every resident, to the extent of

any interest he may have therein, not exceeding $2,000 in value or 160 acres in area, is exempt from levy and sale under execution or other process for the collection of debt. Code 1907, § 4160. .If the interest of such resident is subject to mortgage or other incumbrance, the amount of such incumbrance must be deducted from the value of his entire interest in fixing the value of the property as his homestead. If the value of the property, or his interest therein, after deducting the incumbrance, does not exceed $2,000, it is wholly exempt. Franklin v. Comer, 170 Ala. 229, 54 South. 430. A judgment of a court of record duly registered creates a lien on all the property of the defendant "subject to levy and sale under execution" in the county where filed. Code, 1907, §§ 4156, 4157.

[2] Potentially this is a continuing lien, and attaches to any property subject to execution coming to the hands of the defendant within a period of 10 years from the date of the judgment. Such lien, however, never attaches to property exempt from and not subject to execution on such judgment. The judgment lien statutes work no change in the right of exemptions. As to exempt property, the debtor's right is as though there were no judgment or execution lien.

[3] So long as the debtor's homestead is within the protection of the exemption given by law he may dispose of it as though there were no judgment. He may, if unmarried, or with the consent of the wife duly acknowledged if married, convey or mortgage it at pleasure; may sell it or give it away. Creditors have no claim upon it, nor interest in it, and suffer no legal injury by any disposition he may make of it. Steiner Bros. v. Berney, 130 Ala. 289, 30 South. 570; Pollak v. McNeil, 100 Ala. 203, 13 South. 937.

[4] These well-settled principles are conclusive of the case at bar. At the time the judgment was registered, the value of defendant's homestead, less the incumbrances, was under $2,000. It has so continued to the time of the levy and claim of exemption. The satisfaction of the old mortgages and the making of the new was contemporaneous. The new incumbrances became effective on the same day, if not before the day, the old ones were discharged. In case of a homestead of this kind, the judgment lien can never attach unless at some time the incumbrances are so reduced in amount that the value of the debtor's interest in the property, after deducting incumbrances, exceeds $2,000.

There is no need to review the authorities presented on the question of priority of liens, the right of a junior lienholder upon satisfaction of the superior lien, nor the right of subrogation, equitable or conventional, in favor of one who advances money to remove the senior mortgage. The question here is not one of priority of liens. The question is the existence of a judgment lien vel non. Our conclusion is that no lien ever attached to this property by virtue of plaintiff's registered judgment. The judgment of the court below was in accord with these views, and is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.