(136 So. 834)

## Ex parte SCHARNAGEL.

### SCHARNAGEL v. QUINN.
#### 8 Div. 228.

Supreme Court of Alabama.
Oct. 16, 1930.

Rehearing Granted Dec. 11, 1930. Further Rehearing Denied Jan. 29, 1931.

See Scharnagel v. Quinn, post, p. 487, 136 So. 835.

Wm. Stell and W. H. Quillin, both of Russellville, for petitioner.

J. Foy Guin, of Russellville, and Ralph W. Quinn, of Birmingham, opposed.

On Rehearing.

THOMAS, J.

The recitals of the evidence and reasonable inferences therefrom by the Court of Appeals present questions now to be considered.

(1) It is stated that the sale and delivery to Lawler of the fertilizer levied upon, and the payment of the purchase price therefor, and the execution of the mortgages thereon by Lawler to Scharnagel—the appellant-claimant in the court below—were concurrent acts. The latter was the moving consideration for the purchase, sale and delivery of the subject-matter of the execution to Lawler, the mortgagor and defendant in judgment. When the title passed from the farm bureau to Scharnagel, and thence title and possession to Lawler, it was incumbered by its purchase-money mortgages to Scharnagel, who paid its purchase price and procured or caused delivery to Lawler. The transactions were concurrent. They entered into the consideration and affected the title, and qualified the possession in Lawler in such wise as to prevent the attaching of execution lien that was superior to such purchaser and claimant. See case of concurrent acts, Fields v. Karter, 121 Ala. 329, 25 So. 800, 12 C. J. 392, 393; Hinton v. Hicks, 156 N. C. 24, 71 S. E. 1086; Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94; United States v. New Orleans & O. R. Co., 12 Wall. 362–365, 20 L. Ed. 434.

(2) The case of Rea v. Keller, 215 Ala. 672, 112 So. 211, is not thought to have application to the instant facts as recited and found by the Court of Appeals. It is recited in the

opinion that Scharnagel's mortgages were not recorded at the time of the levy of execution referred to and issuing on judgment duly recorded. Thus we are brought to a consideration of the second question as to whether the fact, as observed by the Court of Appeals, that neither of said mortgages from Lawler to Scharnagel was of record "at the time of the levy of execution," injuriously affects the rights of claimant-purchaser and mortgagee. The case of Diamond Rubber Co. v. Fourth National Bank, 171 Ala. 425, 55 So. 100, said the statute (section 3386, Code 1907; section 6890, Code of 1923), was intended to protect creditors who deal with the mortgagor upon the strength of his ownership of the property, and who did not know of an existing unrecorded mortgage on the same, and does not apply to creditors existing when the mortgage was made; creditors and purchasers under the statute being on the same footing. Birmingham News Co. v. Barron G. Collier, Inc., 212 Ala. 655, 103 So. 839; Jackson v. Wilson Bros., 201 Ala. 529, 78 So. 883; Citizens' Bank v. Pearson, 217 Ala. 391, 395, 396, 116 So. 350. There is therefore nothing in the record statutes of conveyances (section 6887 et seq.) that supports the view and result announced by the Court of Appeals.

█ (3) Adverting to the statute creating the lien by recorded judgment (section 7874, et seq., Code of 1923) "in the county where filed, on all the property of the defendant which is subject to levy and sale under execution," it is declared that the filing of certificate of judgment as provided "shall be notice to all persons of the existence of the lien thereby created." This lien created is intended to have the effect of an execution in the hands of the sheriff "as an instrumentality of creating and preserving a lien" (Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 639, 77 So. 12, 13; Johnston v. Bates, 209 Ala. 16, 95 So. 375; Jefferson County Savings Bank v. Ben F. Barbour P. & E. Co., 191 Ala. 238, 68 So. 43); and takes precedence over all subsequent purchases (Crawford Merc. Co. v. Anderton, 179 Ala. 573, 60 So. 874; Goodbar & Co. v. Blackwell, 170 Ala. 232, 54 So. 532); and only attaches to property of defendant subject to execution (Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94).

█ The foregoing principles are established by this court, and are decisive here. When the judgment was recorded, there was no such property of the defendant in existence; and, when by concurrent acts it was purchased, mortgaged, and delivered to defendant, it came to Lawler—judgment debtor—subject to the prior right of Scharnagel. And at no time could the lien of Quinn's recorded judgment attach to said property and defeat the superior right of said purchaser-vendor.

It results that the rehearing is granted, and the writ of certiorari will be duly awarded.

All the Justices concur.