142 So. 513

## GAINS et al. v. GRIFFIN.
### 7 Div. 117.

Supreme Court of Alabama.
June 9, 1932.

C. A. Wolfes, of Ft. Payne, for appellants.

J. V. Curtis, Scott & Dawson, and Thos. W. Millican, all of Ft. Payne, for appellee.

**THOMAS, J.**

The appeal is from a decree overruling the demurrer to the original bill.

The original bill and the several conveyances exhibited as a part thereof will be considered together, and the one aids or supplements the other. Grimsley v. First Avenue Coal & Lumber Co., 217 Ala. 159, 115 So. 90; Federal Automobile Ins. Ass'n v. Abrams, 217 Ala. 539, 540, 117 So. 85; State ex rel. Garrow v. Grayson, Judge, 220 Ala. 12, 14, 123 So. 573; Central Lumber Co. v. Jacks et al., 222 Ala. 475, 132 So. 721; Woodall v. Southern Mfg. Co., 223 Ala. 262, 135 So. 446.

The lands in question are sufficiently described in the several exhibits to the bill, and it is averred that "by decree of this court on the 3rd day of April, 1931, the balance due on said notes was ascertained to be $1,781.24, which the said R. A. Gains is now and was at the time of the execution of said deeds indebted to your petitioner, and the complainant further alleges that said deeds, copies of which are hereto attached, constitute a fraud upon your complainant as a creditor of the said R. A. Gains, were executed without consideration and are void, and were executed for the purpose of preventing your petitioner from collecting the said debt." It is prayed that "upon a final hearing of this bill upon the pleadings and proof, your Honor will render a decree setting aside and canceling said deeds of conveyance hereto attached and ordering the lands described therein sold for the satisfaction of the debt of your petitioner. He prays for general relief."

It has been held that a mere omission to record a conveyance is not itself evidence of fraud. James Supply Co. et al. v. Frost et al., 214 Ala. 226, 107 So. 57. However, the charge made by the bill was that the conveyances were executed and delivered without consideration, and with the purpose to defraud the complainant in the collection of his debt ascertained in the foreclosure decree of other lands.

The general allegation that the conveyances were fraudulent is accompanied with other material facts, as being without consideration, executed and delivered as a voluntary gift to relatives of the grantor to prevent collection of the decree antedating the conveyances which were held from the record, and there was a fraud upon the creditors. Skinner v. Southern Grocery Co., 174 Ala. 359, 365, 56 So. 916; Cooke v. Wilbanks, 223 Ala. 312, 135 So. 435; North Birmingham American Bank et al. v. Realty Mortgage Co., 223 Ala. 30, 134 So. 796; Breeding v. Ransom, 220 Ala. 82, 123 So. 899; Jones v. Wright, 222 Ala. 530, 133 So. 275; McCarty v. Robinson, 222 Ala. 287, 131 So. 895; Harrison et al. v. American Agricultural Chemical Co., 220 Ala. 695, 127 So. 513; Allen v. Overton, 208 Ala. 504, 94 So. 477. The hindrance suffered by such creditor is sufficient injury to sustain a bill to set aside as fraudulent conveyances. Breeding v. Ransom, supra; McCrory et al. v. Donald, 192 Ala. 312, 68 So. 306.

There was no error in overruling the demurrer to the bill, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.