162 So. 289

MAJORS et al. v. KILLIAN et al.

7 Div. 298.

Supreme Court of Alabama.

June 6, 1935.

McCord & McCord and E. L. Roberts, all of Gadsden, for appellants.

Chas. J. Scott, of Fort Payne, for appellees.

*Brief did not reach the Reporter.*

THOMAS, Justice.

The submission was upon the motion and merits.

The motion sought to dismiss the appeal because of insufficient bond. The form employed is that for costs of appeal, and is in accordance with statutory requirements. Section 6131, Code. This form has been approved. Dees v. Lindsey Mill Co., 210 Ala. 183, 97 So. 647; Marshall et al. v. Croom et al., 50 Ala. 479. The motion is therefore overruled.

It is established that a voluntary conveyance by a debtor of his property is void as to existing creditors, without regard to the intention of the parties, however free from fraud and irrespective of the circumstances of the grantor, the amount of his indebtedness, the time, value, or extent of the property conveyed, if it be not exempt from execution. McCrory et al. v. Donald, 192 Ala. 312, 68 So. 306;

Crisp et al. v. First Nat. Bank of Birmingham, 224 Ala. 72, 74, 139 So. 213; Gains et al. v. Griffin, 225 Ala. 130, 131, 142 So. 513; Birmingham Property Co. et al. v. Jackson Securities & Investment Co., 226 Ala. 612, 613, 148 So. 316.

The grounds of demurrer urged in argument by appellants are that "there is no equity in the bill"; that "for aught appearing the land was and is the homestead of the defendants" (section 7882, Code); and, being less in area and value to such exemption allowed, is not subject to execution or sale for payment of debts, and therefore not subject to the lien of a recorded judgment. Sections 7874–7879, Code.

In considering the several propositions of the appellants, we make observation that there are established rules as to homestead exemptions maintained in this jurisdiction; as that the right of homestead is determined by the situation at the time the lien should attach, if it does attach (Franklin v. Comer, 170 Ala. 229, 54 So. 430; Murphy v. Hunt, Miller & Co., 75 Ala. 438); that the lien only attaches to property of the debtor that is subject to levy and sale under execution (section 7875, Code; Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94); that when the amount and value of the homestead are not in excess of the allowance of the law (Constitution, § 205; sections 7882, 7890, Code), the law effects the claim as to conveyance by the owner (Stephen-Putney Shoe Co. v. White et al., 172 Ala. 89, 55 So. 503, Ann. Cas. 1913C, 1278; Kibbe v. Scholes et al., 219 Ala. 571, 123 So. 61; Alley v. Daniel, 75 Ala. 402; Jarrell, Ex'r, v. Payne, 75 Ala. 577; J. W. Nance et al. v. W. H. Nance et al., 84 Ala. 375, 4 So. 699, 5 Am. St. Rep. 378; Chandler v. Chandler, 87 Ala. 300, 6 So. 153; Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308); that the right of homestead is absolute and unqualified, and can be defeated only by waiver or relinquishment or conveyance (Kibbe v. Scholes et al., supra); that creditors have no claim upon or interest in such homestead (not in excess of area and value as allowed by law), and therefore suffer no injury by its alienation or disposition by the owner, since such property is not within the meaning of the statute providing for levy and sale. Brock Candy Co. v. Elson, supra; Steiner Bros. v. Berney et al., 130 Ala. 289, 30 So. 570; Fuller v. Whitlock, 99 Ala. 411, 13 So. 80; Hodges v. Winston, 95 Ala. 514,

11 So. 200, 36 Am. St. Rep. 241; Fellows v. Lewis, 65 Ala. 343, 39 Am. Rep. 1; Stephen-Putney Shoe Co. v. White et al., supra; Pollak et al. v. McNeil et al., 100 Ala. 203, 13 So. 937.

It follows that a conveyance of a homestead of the value and area (or less) allowed by law, if made without consideration, or with the intent to defraud creditors, is valid. Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94; Boutwell et al. v. Spurlin Mercantile Co., 203 Ala. 482, 83 So. 481; Warren v. Jones, 219 Ala. 213, 121 So. 519; First National Bank of Talladega v. Browne, 128 Ala. 557, 29 So. 552, 86 Am. St. Rep. 156; Stephen-Putney Shoe Co. v. White et al., 172 Ala. 89, 93, 55 So. 503, Ann. Cas. 1913C, 1278; Fuller v. Whitlock, supra; Pollak et al. v. McNeil et al., supra.

It has been held that homestead rights may be waived, if not asserted before sale of the property, when that property is such that it is subject to execution sale. Clark v. Spencer, 75 Ala. 49; Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308; Autauga Banking & Trust Co. v. Chambliss et al., 200 Ala. 87, 75 So. 463; Lewis v. Lewis, 201 Ala. 112, 77 So. 406; Cross et al. v. Bank of Ensley, 203 Ala. 561, 84 So. 267.

Cases of alienation of a homestead by the husband without the signature of the wife were the subject of discussion in DeGraffenried v. Clark, 75 Ala. 425, and Metropolitan Life Ins. Co. v. Estes, 228 Ala. 582, 155 So. 79.

Adverting to cases wherein attempt was made at sale under execution of homesteads of less area and value than allowed by law, we cite Stephen-Putney Shoe Co. v. White et al., 172 Ala. 89, 93, 97, 55 So. 503, Ann. Cas. 1913C, 1278, as an apt authority. There the judgment was recorded on November 5, 1908, and placed in the hands of the sheriff on November 9, 1908, for execution, which he levied on January 6, 1909. Judicial sale was had on March 1, 1909, and the plaintiff became the purchaser and received the sheriff's deed. Theretofore, on December 7, 1908, the defendant in judgment, while in possession of the land as his homestead at the time judgment was recorded and execution sale had, executed and delivered a deed to White, the appellee; and it appeared that it was all the land he had, and that it was less in area and value than the homestead exemptions allowed by law of that date. It further appeared that the grantor had filed no declaration of claim of occupancy and ownership before or after the date of the making of deed to White. This court declared that no actual or formal claim and selection of that homestead, as is provided for in our statutes, was necessary to protect it from execution sale and from the lien of the recorded judgment, saying:

"* * * the effect of the constitutional and statutory provisions above referred to was, ex proprio vigore, to exempt the homestead (if such there was as a distinct entity) from levy and sale under judicial process, and to place it as much beyond the influence of an execution as if it were the property of a stranger. Execution in the hands of the sheriff, in such cases, fastens no lien upon the property so held, either on the life estate or on the remainder. The exemptioner in such case could sell the land or property so held, and invest a good title in the purchaser, to the same extent and with the same limitations on his power of disposition, as would be the case if his debt was not in execution, or was not reduced to judgment. * * *

"And where the whole tract owned and occupied by the debtor does not exceed the area mentioned in the Constitution, and is admittedly within the prescribed valuation, the law, in the absence of any proof, must presume the acceptance by the debtor of the benefit conferred by the Constitution, to the full amount of the exemption; this being the ground upon which the acceptance of a grant is presumed—because of benefit to the grantee. The Constitution and statutes contemplate a selection only when it is necessary to bring the homestead within the limitations as to area or value, and as a method of separating it from a tract of larger area or of greater value, and to thus define its boundaries. Beecher v. Baldy, 7 Mich. 488; Thomas v. Dodge, 8 Mich. 51." Stephen-Putney Shoe Co. v. White et al., 172 Ala. 93, 97, 55 So. 503, 505, Ann. Cas. 1913C, 1278.

The statute there construed—section 4160, Code 1907, and later section 7882, Code 1923—contained the words: "The homestead of every resident of this state * * * not exceeding in value two thousand dollars, and in area one hundred and sixty acres, shall be, to the extent of any interest he may have therein * * * exempt from levy and sale under execution or other process for the collection of debts

during his life and occupancy." (Italics supplied.)

To like effect was Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94, 95; Franklin v. Comer, 170 Ala. 229, 54 So. 430; Steiner Bros. v. Berney et al., 130 Ala. 289, 30 So. 570; Pollak et al. v. McNeil et al., 100 Ala. 203, 13 So. 937.

We advert to our later cases of an attempt to subject a homestead of the value and area allowed by law to the lien of a recorded judgment.

In Brock Candy Co. v. Elson, supra, the holding was that the judgment lien "is a continuing lien, and attaches to any property subject to execution coming to the hands of the defendant within a period of 10 years from the date of the judgment"; that "such lien, however, never attaches to property exempt from and not subject to execution on such judgment"; that "the judgment lien statutes work no change in the right of exemptions"; that "as to exempt property, the debtor's right is as though there were no judgment or execution lien"; as no judgment lien ever attached by virtue of plaintiff's registered judgment, and no execution could issue and be levied thereon.

In White v. Gibson, 221 Ala. 279, 128 So. 784, and Ex parte Scharnagel (Scharnagel v. Quinn), 223 Ala. 4, 136 So. 834, the observation is made on the foregoing authority, that the lien of judgment covers and applies only to property subject to levy and sale under execution.

In the Brock Candy Co. Case, supra, there was execution on judgment, levied on the homestead of defendant, claim interposed, and on contest there was judgment for defendant, and execution creditor failed in his appeal.

■ The approved rule as to requirements of pleading in equity, as stated by Mr. Chief Justice Stone in McDonald v. Mobile Life Insurance Company, 56 Ala. 468, 470, and since adhered to by our court, is as follows:

"Bills in chancery must set forth, not the evidence but every material averment of fact necessary to complainant's right of recovery. So complete must be the averments of fact, that on demurrer, or decree pro confesso, the court can, without evidence, be able to perceive and affirm that complainant is entitled to the relief prayed.

Relief can only be granted on allegations and proof; and the latter will never be allowed to supply omissions or defects in the former. Allegations, admitted or proved, are the only premises which will uphold a chancery decree."

See, also, Roney v. Dothan Produce Co., 217 Ala. 475, 117 So. 36; Jackson Realty Co. v. Yeatman, 219 Ala. 3, 121 So. 415; Ex parte Kelly (Kelly v. Carmichael et al.), 221 Ala. 339, 128 So. 443; McCarty v. Robinson et al., 222 Ala. 287, 131 So. 895.

■ The averments of the bill made a prima facie case for the enforcement of a judgment lien under the statute, by reason of its recordation, and against the real property specifically described and aliened by the voluntary conveyance exhibited. Sections 7806, 7875, Code; Newell et al. v Armstrong (Ala. Sup.) 161 So. 244.[1] The deed exhibited aids the averments of the bill. Grimsley v. First Ave. Coal & Lumber Co., 217 Ala. 159, 115 So. 90. The foregoing is sufficient to indicate that the grounds of demurrer discussed were properly overruled.

■ If it be a fact that the land in question was, at the time of its conveyance, the homestead of the grantors, and that its value and area were within statutory limits when aliened to the son, such facts are not disclosed, nor were they required to be negatived by the bill. If the land was such homestead when conveyed, it is secure to the grantee from this attack; or, if it is the homestead in possession of the owner and exempt from levy and sale, as against complainant's claim or judgment, such fact is available by way of answer and proof, or due claim of exemption before sale under execution. Clark v. Spencer, 75 Ala. 49, 57; Kennedy v. First National Bank of Tuscaloosa, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308; Poole et al. v. Griffith et al., 216 Ala. 120, 112 So. 447.

■ The cause was not shown to be at issue when submission was had and decree rendered. There is not shown an answer by, or a decree pro confesso against, the defendants. Chancery Practice, rule No. 50. However, for the purpose of the trial on the facts, we observe that there was an order for taking the oral evidence in the cause (Chancery Practice, rule 5; section 6574, et seq., Code), and the complainant was examined as a witness, and stated the land in question was the homestead of re-

---

[1] Ante, p. 367.

spondent, was of less area than that permitted by law, but failed to state its value. The claim of homestead exemption on file shows the value to be $2,000, and this fact was contested, a date set for taking testimony, and the further procedure prevented by the appeal.

The case will be retried upon the facts after the cause is at issue. The decree of the trial court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

