194 So. 502

**TERRY et al. v. SCHAEFFER.**

**8 Div. 980.**

Supreme Court of Alabama.

Feb. 22, 1940.

Rehearing Denied March 21, 1940.

Harris & Harris, of Decatur, for appellant Bertha Terry.

E. W. Godbey, of Decatur, for appellee.

KNIGHT, Justice.

The bill in this cause was filed by Harris Davis & Company against the respondents —appellants—seeking to have three certain conveyances executed by H. C. Terry declared fraudulent and void as against the claims and demands of complainant.

Two of the deeds were executed by the said H. C. Terry to his wife Bertha Terry, one of the respondents, while the other conveyance attacked for fraud was executed by the said H. C. Terry and his said wife to the respondent E. D. Terry.

During the pendency of the cause, the said H. C. Terry was adjudicated a bankrupt, and thereafter by proper orders, W. F. Schaeffer, trustee in bankruptcy of said Terry, was substituted as complainant in lieu of the original complainant, and the case will be reported sub. nom. Schaeffer, as Trustee in Bankruptcy, v. Bertha Terry et al.

On final hearing the court decreed each of the three conveyances to be fraudulent and void as against the creditors of the said H. C. Terry, and from this decree the respondents, Bertha Terry and E. D. Terry prosecute the present appeal.

At the submission of the cause, leave was granted appellants to sever in the assignment of error, and, thereupon, the appellants entered separate assignments of error.

No brief has been filed here by the appellant E. D. Terry in support of his assignments of error, and therefore, the cause must be, and is, affirmed as to the said E. D. Terry. Rule 13, Supreme Court Practice; Alabama Fuel & Iron Co. v. Williams, 207 Ala. 99, 91 So. 879.

The brief filed by appellant Bertha Terry questions the propriety of the lower court's decree only in so far as it held that the conveyance of the husband to her of the homestead, described as "Lot fifty-seven (57) and the East half of lot fifty-eight (58) in the Town of Courtland, Lawrence County, Alabama," and which contains about one acre of land, was fraudulent and void as against the existing creditors of the said H. C. Terry.

The evidence in the case shows without dispute that the property conveyed by the husband to the wife, Bertha Terry, was situated within the Town of Courtland, Lawrence County, Alabama, and which was described in the conveyance as "lot fifty-seven (57) and the East half of Lot fifty-eight (58)" consisted of about an acre of land, and that its value was less than $2,000; that it was at the time of the conveyance the homestead of the said H. C. Terry, and was so occupied by him and his wife. It was, therefore, exempt from levy and sale under execution or other process for the collection of debts. Constitution, § 205; Code, § 7882; Majors v. Killian et al., 230 Ala. 531, 162 So. 289; Stephen-Putney Shoe Co. et al. v. White et al., 172 Ala. 89, 55 So. 503, Ann.Cas.1913C, 1278; Kibbe v. Scholes et al., 219 Ala. 571, 123 So. 61; Alley v. Daniel, 75 Ala. 403; Pollak v. McNeil, 100 Ala. 203, 13 So. 937; Mullen v. First National Bank of Montgomery, 226 Ala. 305, 146 So. 802.

Creditors have no claim upon, or interest in, such homestead (not in excess of area or value as allowed by law), and therefore suffer no injury by its alienation or disposition by the owner. Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94; Steiner Bros. v. Berney et al., 130 Ala. 289, 30 So. 570; Fuller v. Whitlock, 99 Ala. 411, 13 So. 80; Mullen v. First National Bank of Montgomery, supra.

It has been uniformly held in this jurisdiction that the conveyance of the homestead of the value and area not in excess of that allowed by law, although made without consideration, or with the intent to defraud creditors, is valid. Brock Candy Co. v. Elson, supra; Boutwell et al. v. Spurlin Mercantile Co., 203 Ala. 482, 83 So. 481; Warren v. Jones, 219 Ala. 213, 121 So. 519; Majors et al. v. Killian, supra.

It follows, therefore, that the court committed error in that part of its decree, and in that part only, in which it was adjudged and decreed that the conveyance by the said H. C. Terry to his wife of lot fifty-seven and east half of lot fifty-eight in Courtland, Lawrence County, Alabama, was fraudulent and void as against the creditors of said H. C. Terry. In this respect the decree will be reversed, and a decree here rendered denying relief to complainant as to said homestead property.

In all other respects the decree of the court below is due to be, and is, affirmed.

The appellee is taxed with all the cost of this appeal, accruing in this court and in the court below.

Affirmed in part, and in part reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.