KENNEDY, Justice.
Rainbow Paint and Decorating, Inc., appeals from a summary judgment in favor of the defendants, Frank and Lynda Ann Smith.
On February 27, 1986, Rainbow obtained a judgment in the Jefferson Circuit Court against Frank Smith in the amount of $19,-120.44. Rainbow then executed a levy on Smith's real and personal property because Smith was unable to pay the indebtedness. Smith filed a homestead exemption claim pursuant to § 6-10-2, Ala.Code 1975, for his house, which was located on 36 acres in Blount County. We note that § 6-10-2 allows a homestead exemption not exceeding $5,000 in value and 160 acres. In claiming his homestead exemption, Smith stated that Kizak Mortgage Company had a mortgage on the property secured by a note in the amount of $35,000, and that he held title to an undivided one-half interest in the property. Smith did not state the value of the property in his claim. Smith filed the declaration in the Jefferson Circuit Court and the Blount Probate Court. Rainbow did not to contest the claim of homestead exemption pursuant to § 6-10-25, Ala.Code 1975.
On July 7, 1986, the Jefferson Circuit Court granted the claim of homestead exemption and exempted the entire property from levy and sale. After the property was declared exempt, Smith executed a deed conveying the property to his wife, Lynda Ann Smith.
Rainbow then sued Frank and Lynda Smith, claiming that the conveyance of the property to Lynda Smith was fraudulent. This action was filed in the Blount Circuit Court on March 16, 1990. Both parties moved for summary judgment.
The trial court found that the property was exempt from levy and sale because Rainbow had failed to contest the claim of exemption pursuant to § 6-10-25, Ala.Code 1975. Because Rainbow failed to contest, the trial court determined that Rainbow had forfeited all rights to any of the property, including the value of the property in excess of the $5,000 homestead exemption. The trial court concluded that Smith’s conveyance of property to his wife could not be set aside as fraudulent because the property was exempt as a homestead, and it entered a summary judgment in favor of the Smiths.
Summary judgment is proper when the moving party shows “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c), A.R.Civ.P. Once the moving party has made a prima facie showing that there is no genuine issue of material fact, the non-moving party must present “substantial evidence” of the existence of a genuine issue of material fact, that is, “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). The evidence will be viewed in a light most favorable to the nonmoving party. Kenai Oil & Gas, Inc. v. Grace Petroleum Corp., 512 So.2d 1347 (Ala.1987).
Section 6-10-2 provides in pertinent part:
“The homestead of every resident of this state, with the improvements and appurtenances, not exceeding in value $5,000.00 and in area 160 acres, shall be, to the extent of any interest he or she may have therein, whether a fee or less estate or whether held in common or in severalty, exempt from levy and sale under execution or other process for the collection of debts.”
Rainbow argues that regardless of whether it contested the exemption claim, Smith was limited in what he could claim as a homestead exemption to property valued *453 at $5,000. Rainbow contends that the property claimed as exempt is worth $89,600 and that it is entitled to maintain an action as to Smith’s interest in the property in excess of $5,000.
Smith is clearly entitled to a homestead exemption. “The law looks with favor on the homestead, and homestead statutes are to be construed liberally in furtherance of the public policy they express.” First Alabama Bank of Dothan v. Renfro, 452 So.2d 464, 468 (Ala.1984). However, Smith is not entitled to a homestead exemption greater in area or in value than that allowed by law. See Terry v. Schaeffer, 239 Ala. 264, 194 So. 502 (1940). Section 6-10-2 provides for a homestead exemption not exceeding the 160-acre limit or the $5,000 in value limit. Although the property at issue here is within the 160-acre limit, Rainbow has presented evidence that the property is worth more than the $5,000 exemption limit.
We hold that summary judgment was not proper in this case. The trial court erroneously based its judgment on the conclusion that Smith’s entire interest in the property qualified as a homestead exemption. We reverse the judgment and remand the case to the trial court for further proceedings.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES and HOUSTON, JJ., concur.